Appeal dismissed September 11, rehearing denied October 16, motion to recall mandate denied November 6, 1917.

# PORTLAND & O. C. RY. CO. *v.* DOYLE.

(167 Pac. 270; 168 Pac. 291.)

**Appeal and Error—Review—Questions Presented.**

1. The entry of judgment on plaintiff's taking a voluntary nonsuit made no provision for costs and disbursements. Defendants' motion for costs and disbursements, including the attorney's fee provided for in Laws of 1913, p. 81, was granted with the exception of the fee, whereupon defendants filed a notice of appeal, which, after setting out the original judgment entry, recited that defendants appealed from so much of the judgment as failed to allow them costs provided for by statute. *Held,* that the appeal did not present for review the question of the denial of the attorney's fee provided for by Laws of 1913.

**Judgment—Nonsuit—Recitals.**

2. As Section 184, L. O. L., declares that a judgment of nonsuit shall not bar another action for the same cause, the recitals in the judgment entry on motion for nonsuit that the dismissal was without prejudice is surplusage and is no ground for objection on appeal.

## ON MOTION TO RECALL MANDATE.

**Costs—Dismissal of Appeal—"Prevailing Party."**

3. When a respondent is brought into the Supreme Court by an appellant, and the appeal is dismissed on respondent's motion for the court's lack of jurisdiction to hear the appeal on its merits, respondent is the "prevailing party," within Sections 565, 566, L. O. L., allowing $15 costs to the prevailing party on appeal in the Supreme Court, and allowing and defining necessary disbursements.

From Multnomah: WILLIAM N. GATENS, Judge.

This is an action by the Portland and Oregon City Railway Company, a corporation, against J. W. Doyle, M. J. Doyle and L. J. Doyle to condemn real property for railroad purposes. From a voluntary judgment of nonsuit the defendants attempt to appeal. Respondent moves to dismiss the appeal. Motion allowed and appeal dismissed.

*Mr. Julius N. Hart,* for the motion.

*Mr. Francis D. Chamberlain, contra.*

In Banc.   MR. JUSTICE BENSON delivered the opinion of the court.

1. Plaintiff began this action to condemn real property for railroad purposes.   Upon the trial the court excluded certain evidence offered by plaintiff, which was deemed vital to the case, whereupon plaintiff asked for a voluntary nonsuit, which was granted by the court without objection from defendants.   The entry of such judgment was made on February 23, 1917, such entry being silent as to costs and disbursements.   On February 27, 1917, defendants filed a motion asking judgment for their costs and disbursements, including the attorney fee provided in Chapter 49, page 81, Laws 1913.   A hearing was had upon the motion and on April 13th, the court entered a judgment in favor of defendants for their costs and disbursements, with the exception of the attorney fee.   On the eighteenth day of April, 1917, defendants filed their notice of appeal, which sets out the original judgment entry of February 23d, in full, and concludes as follows:

"Said defendants appeal from so much of said order and judgment as fails to give defendants their costs, disbursements and the statutory attorney fee provided for in Section 6868, Lord's Oregon Laws, as amended by the session laws of the State of Oregon for 1913, page 81; and defendants further appeal from so much of said order as provides for dismissal of said action without prejudice."

It will be observed that the appeal is not taken from the supplemental judgment for costs and disbursements, but from the original judgment entry of February 23d.   If defendants were not satisfied with the judgment subsequently entered for costs and disbursements, they should have appealed from that order.   The attorney fee for which defendants contend is made a part of the costs and disbursements by the statute

and, since that subject is not presented by this appeal, it cannot be considered.

2. The other portion of the judgment appealed from is the statement in the judgment entry that the dismissal of the action is "without prejudice."

Section 184, L. O. L, reads thus:

"When a judgment of nonsuit is given, the action is dismissed; but such judgment shall not have the effect to bar another action for the same cause."

The words "without prejudice" are therefore surplusage, having no legal effect, and an appeal upon that ground is frivolous.

The appeal is dismissed.

MOTION ALLOWED AND APPEAL DISMISSED.

Denied November 6, 1917.

MOTION TO RECALL MANDATE.

(168 Pac. 291.)

In Banc.     Statement PER CURIAM.

For reasons stated in an opinion reported in 167 Pac. 270, the appeal prosecuted by the defendants was dismissed and it was ordered that the respondent recover from the appellants and the surety, who signed the undertaking on appeal, costs and disbursements in this court. The plaintiff filed a cost bill claiming $10 as the fee paid to our clerk, $15 statutory attorney's fee and $15 cost of printing brief. The last-mentioned item was disallowed and the costs and disbursements were taxed at $25; and when our mandate was issued it directed that plaintiff have judgment for $25 as costs and disbursements incurred in this court. The defendants are now attempting to secure an order

recalling the mandate on the theory that we had no jurisdiction to allow costs and disbursements since we lacked jurisdiction to hear the appeal on its merits.

MOTION DENIED.'

*Mr. Francis D. Chamberlain,* for the motion.

*Mr. Julius N. Hart, contra.*

Opinion PER CURIAM.

3. A party wishing to appeal must give notice of an appeal and then serve and file an undertaking. The appellant agrees in the undertaking to pay "all damages, costs and disbursements which may be awarded against him on the appeal": Section 551, L. O. L. The adverse party has five days after service of the undertaking within which to except to the sufficiency of the sureties in the undertaking and from the expiration of the time allowed to except to the sureties "the appeal shall be deemed perfected": Section 550, L. O. L., amended by Chapter 319, Laws 1913. The appellants gave a notice of appeal, served and filed an undertaking, prepared and filed the technical transcript together with an abstract as provided by Section 554, L. O. L., as amended by Chapter 320, Laws 1913, and prepared and filed a printed brief.

The appellants took or at least attempted to take all the formal steps necessary for an appeal. They brought the respondent to this court and when brought here the respondent moved for a dismissal of the appeal. It was necessary for the respondent to pay the fee required by statute because had it not done so it could not have filed the motion nor been heard. In the very nature of things we had the power to decide the motion, because until a decision there could be no

86 Or.—14

authoritative adjudication.  Although the appeal terminated in a decision that we lacked jurisdiction to hear the cause on the merits the very act of deciding the motion was equivalent to a determination that we possessed the power to decide the motion and therefore to the extent that we had power to decide the motion we had jurisdiction to dispose of the appeal. Granting the motion to dismiss made the respondent the prevailing party on the appeal and it was properly allowed $15 costs and the necessary disbursements as provided by Sections 565 and 566, L. O. L.   While we are aware of the sharp conflict between the precedents in other jurisdictions we think that the language of our statutes contemplates that when a respondent is brought here by an appellant and the appeal is dismissed on the motion of the respondent the latter is "the prevailing party" within the meaning of Section 565, L. O. L.   The motion to recall the mandate is denied.                    MOTION DENIED.