On respondents' motion to dismiss filed January 11, appeal dismissed July 27, 1988

WHEATLEY et ux,
*Appellants,*

*v.*

SAFLEY et al,
*Respondents.*

(85-CV 0595-WE; CA A46822)

758 P2d 377

John Folawn, and Holmes, DeFrancq & Schulte, P.C., Portland, appeared for the motion.

John D. Ryan, Portland, appeared *contra.*

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

This is an appeal from a judgment that disposes of all claims except a counterclaim which includes a claim for attorney fees as damages arising from a previous action between the same parties. The issue is whether the judgment is a final judgment from which an appeal may be taken.

The action is for fraud, breach of fiduciary duty and negligence. Defendants counterclaimed, purportedly pursuant to ORS 20.105,[1] for attorney fees incurred in the present case *and* in an earlier case between the same parties. The trial court entered judgment in favor of defendants on all of plaintiffs' claims; plaintiffs appealed from that judgment. Neither the judgment being appealed nor any other judgment in the case disposes of defendants' claim for attorney fees. Defendants have moved to dismiss the appeal on the ground that the judgment is not final within the meaning of ORS 19.010,[2] because it does not dispose of that counterclaim.

Generally, subject to exceptions not relevant here, an appeal may only be taken from a judgment which determines all claims in an action. ORS 19.010(1); ORCP 67A; ORCP

---

[1] ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a district court, a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party wilfully disobeyed a court order or acted in bad faith, wantonly or solely for oppressive reasons."

[2] ORS 19.010(1) and (2) provide:

"(1) A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2) For the purpose of being reviewed on appeal, the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"(e) A final judgment or decree entered in accordance with ORCP 67B."

67B;[3] *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 591 P2d 352 (1979). It follows that a document purporting to be a judgment that does not dispose of all claims in an action is not subject to appeal. That simple and straightforward analysis is complicated by the provisions of ORS 19.033(1)[4] to the effect that, notwithstanding the filing of a notice of appeal, the trial court retains jurisdiction "for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute." The statute implies, but does not make explicit, that a judgment adjudicating fewer than all claims may be appealed if the only remaining claim or claims are solely for attorney fees, costs, disbursements or expenses.

We need not now decide whether ORS 20.105 can support a "claim" for attorney fees. In fact, a counterclaim was pleaded, but it was not decided. We need only decide whether the appealed judgment lacks finality.

We conclude that the purported claim for attorney fees under ORS 20.105, based on an allegation that "the party wilfully disobeyed a court order or acted in bad faith, wantonly or soley for oppressive reasons," is not a claim over which the trial court retains jurisdiction once a notice of appeal has been filed. Although ORS 19.033(1) requires only that a fee claim must be "pursuant to rule or statute," other provisions of law limit the type of fee claims to which the statute applies.

The last sentence of ORS 19.033(1) provides that, if the trial court allows attorney fees, costs, disbursements or

---

[3] A judgment adjudicating fewer than all claims is appealable if entered pursuant to ORCP 67B. The judgment in this case does not purport to be an ORCP 67B judgment, and no party contends otherwise.

[4] ORS 19.033(1) provides:

"When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law and shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute. If the trial court allows and taxes attorney fees, costs and disbursements or expenses after the notice of appeal has been served and filed, any necessary modification of the appeal shall be pursuant to rules of the appellate court."

expenses after a notice of appeal has been filed, "any necessary modification of the appeal shall be pursuant to rules of the appellate court." Under that authority, the appellate courts have adopted ORAP 2.07,[5] which takes as its starting point ORCP 68C, which is the rule for claiming and determining attorney fees and costs and which specifically excepts from its provisions fees "claimed as damages arising prior to the action * * *." ORCP 68C(1)(B). Thus, to the extent that defendants' counterclaim includes a claim for attorney fees as damages arising from a separate action, it falls outside the scope of ORCP 68C.

Adjudication of the claim in this instance could not rest on a statement filed pursuant to ORCP 68C(4)(a). As a consequence, purported adjudication of the claim could not be appealed simply by filing an amended notice of appeal, as ORAP 2.07 provides. Therefore, the portion of the counterclaim requesting fees as damages in the earlier case is not the type of fee claim contemplated by ORS 19.033(1), ORAP 2.07 and ORCP 68C. A judgment reflecting disposition of that claim must be entered before this court can have jurisdiction over an appeal.

---

[5] ORAP 2.07 provides:

"(1) If, pursuant to ORS 19.033(1), the trial court allows and taxes attorney fees, costs and disbursements or expenses after the notice of appeal has been served and filed, and if the appellant intends to challenge the allowance or any part thereof on appeal, the appellant, within 14 days of the entry of the trial court's statement pursuant to ORCP 68C.(4)(d), shall serve and file an amended notice of appeal containing notice to all parties who have appeared, or their attorneys, that appeal is also taken from the allowance or some specified part thereof.

"(2) If, pursuant to ORS 19.033(1), the trial court refuses to allow, in whole or in part, any amount in a statement described and served in accordance with ORCP 68C.(4)(a)(i) and filed in accordance with ORCP 68C.(4)(a)(ii) after the notice of appeal has been served and filed, and if a respondent intends to challenge the refusal or any part thereof on appeal:

"(a) If that respondent has before the refusal timely served and filed notice of cross-appeal, that respondent, within 14 days of the entry of the trial court's statement pursuant to ORCP 68C.(4)(d) shall serve and file an amended notice of cross-appeal containing notice to all parties who have appeared, or their attorneys, that appeal is taken from the refusal or some specified part thereof.

"(b) If that respondent has not before the refusal timely served and filed notice of cross-appeal, that respondent, within 14 days of the entry of the trial court's statement pursuant to ORCP 68C.(4)(d), shall serve and file a notice of cross-appeal as if the trial court's statement were an order under ORS 19.010(2)(c)."

Appeal dismissed.