Argued and submitted May 3, 2000, award of attorney fees reversed; otherwise affirmed January 31, 2001

Valarie SIVERLY,
*Respondent,*

*v.*

YOUNG & MORGAN TRUCKING CO.,
*Appellant.*

(95C-13955; CA A104472)

17 P3d 579

Robert J. Custis argued the cause for appellant. With him on the brief was Jill F. Foster.

James M. Brown argued the cause for respondent. With him on the brief was Enfield Brown Collins & Knivila.

Before Edmonds, Presiding Judge, and Linder and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Plaintiff filed an employment discrimination claim against defendant in which she sought to recover back pay. The jury found that defendant had discriminated against plaintiff but awarded her no back pay. The trial court ruled that plaintiff prevailed on her employment discrimination claim and awarded her attorney fees pursuant to ORS 659.121(1). We reverse the trial court's award of attorney fees.

■ Plaintiff worked as a truck driver for defendant. Pursuant to ORS 659.121, plaintiff filed a complaint against defendant alleging that she had been "subject to discrimination due to her sex in the form of sexual harassment."[1] ORS 659.121(1) authorizes a court to issue injunctive and other equitable relief to remedy employment discrimination. *See Holien v. Sears, Roebuck and Co.*, 298 Or 76, 95, 689 P2d 1292 (1984). In her complaint, plaintiff sought one form of equitable relief—back pay.[2] She did not seek any other form of equitable relief, nor did she seek a declaration that her employer had discriminated against her.

The court submitted a special verdict form to the jury. The jury answered "yes" when asked whether defendant had "engage[d] in an unlawful employment practice against plaintiff as alleged in plaintiff's first claim for

---

[1] Plaintiff's second amended complaint contained two claims for relief. The first claim for relief alleged that defendant had discriminated against plaintiff. The second alleged that defendant was liable for intentional infliction of emotional distress (IIED). The jury returned a verdict in plaintiff's favor on her IIED claim and found that she had suffered $42,000 in damages. The verdict in plaintiff's favor on her IIED claim has no bearing on whether she may recover attorney fees on her employment discrimination claim. *See Cantua v. Creager*, 169 Or App 81, 88, 7 P3d 693 (2000) (prevailing party means the party who prevailed on the discrimination claim).

[2] In her second amended complaint, plaintiff alleged that she was entitled to "[a]n award in the sum of $12,000.00 as economic loss sustained by plaintiff by reason of [the] conduct of defendant's employees." The "economic loss" referred to wages that plaintiff allegedly lost as a result of defendant's discriminatory conduct.

Plaintiff's prayer for relief was similarly limited. Plaintiff prayed for judgment against defendant:

"Upon her first claim for relief, judgment for her economic loss sustained by reason of defendant's conduct toward her in the sum of $12,000.00 and an award of her reasonable attorney fees and costs."

relief[.]" When asked "[w]hat were plaintiff's damages, if any," the jury answered "zero." Plaintiff petitioned for attorney fees under ORS 659.121(1), arguing that she was the prevailing party on her employment discrimination claim. Defendant objected that plaintiff was not the prevailing party and that, even if she were, the court should decline to exercise its discretion to award her any attorney fees. The trial court disagreed and awarded plaintiff $5,000 in attorney fees.

On appeal, defendant raises 13 assignments of error. We affirm the first 12 assignments of error without discussion and write only to discuss defendant's claim that plaintiff was not the "prevailing party" for the purposes of ORS 659.121(1).[3] On that point, it is helpful to note what is not at issue in this case. This is not a case in which the jury awarded plaintiff nominal damages, nor is this a case in which the court awarded plaintiff some but not all of the equitable relief she sought. *See Bolton v. Murray Envelope Corp.*, 553 F2d 881, 883-84 (5th Cir 1977) (even though the plaintiff failed to establish racial discrimination against him personally, attorney fees were appropriate because the plaintiff successfully sued on behalf of the class of which he was member). Similarly, plaintiff has not argued that her employment discrimination claim was the catalyst that caused defendant to change its discriminatory policies. *See Parham v. Southwestern Bell Telephone Co.*, 433 F2d 421, 429-30 (8th Cir 1970). Rather, the question presented by this case is a far narrower one—whether a plaintiff who receives none of the relief that he or she sought other than a bare finding that the defendant acted improperly is a "prevailing party" for the purposes of ORS 659.121(1).[4]

---

[3] Defendant's thirteenth assignment of error states that "the trial court erred in awarding plaintiff's post-trial motion for attorney fees under ORS 659.121." Defendant does not assign error to the court's award of costs based on its conclusion that plaintiff prevailed on her employment discrimination claim, perhaps because the court could have awarded plaintiff costs for prevailing on her IIED claim.

[4] That question presents an issue of statutory interpretation. *See Wilkes v. Zurlinden*, 328 Or 626, 632-33, 984 P2d 261 (1999). In *Wilkes*, the court interpreted whether plaintiff and defendant were both prevailing parties within the meaning of ORS 20.096(5). We note that ORS 20.096(5) provides that the prevailing party in a contract action is "the party in whose favor final judgment or decree is rendered" while ORS 659.121(1) uses the term "prevailing party" without providing any further definition of that term.

■ ORS 659.121(1) provides that "[i]n any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." A court faced with a request for fees under ORS 659.121(1) must answer two questions. The first is whether the party seeking fees is "the prevailing party" on that claim. If the answer to the first question is "yes," the second question is whether the court should, in the exercise of its discretion, award the prevailing party attorney fees. In answering the second question, we have explained that ORS chapter 659 "is patterned after Title VII of the federal 1964 Civil Rights Act, 42 USC § 2000e-5(k)" and have looked to federal cases for guidance in determining when a court should exercise its discretion to award the prevailing party fees. *See Payne v. American-Strevell, Inc.*, 65 Or App 265, 267, 670 P2d 1065 (1983); *Dobie v. Liberty Homes*, 53 Or App 366, 373-74, 632 P2d 449 (1981).[5]

We similarly look to federal law for guidance in answering the first question—when a plaintiff claiming employment discrimination will be the prevailing party. The Supreme Court has explained that " 'plaintiffs may be considered "prevailing parties" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' " *Hensley v. Eckerhart*, 461 US 424, 433, 433 n 7, 103 S Ct 1933, 76 L Ed 2d 40 (1983) (quoting *Nadeau v. Helgemoe*, 581 F2d 275, 278-79 (1st Cir 1978) (noting that the provision for attorney fees in 42 USC § 1988 was patterned upon the attorney fees provisions in Titles II and VII of the Civil Rights Act of 1964)); *accord Texas Teachers Assn. v. Garland School Dist.*, 489 US 782, 791-92, 109 S Ct 1486, 103 L Ed 2d 866 (1989) (reaffirming the standard stated in *Nadeau*). Because *Hensley* was decided after Oregon enacted ORS 659.121(1), we do not presume that the legislature intended to adopt the Court's reasoning in *Hensley*. *See State v. Cooper*, 319 Or 162,

---

[5] In *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 189-90 n 3, 957 P2d 1200 (1998), the court noted our reliance on federal law with apparent approval and explained that the federal courts have interpreted Title VII "to require an award of attorney fees to a prevailing plaintiff in all but special circumstances, but to limit an award of attorney fees to a prevailing defendant to circumstances in which the plaintiff's discrimination claim was frivolous, unreasonable, or without foundation."

168, 874 P2d 822 (1994). However, we find *Hensley*'s formulation of the test persuasive.

■　　In this case, plaintiff sought only back pay. Because the jury did not award her any back pay, we cannot say that she obtained any of the relief that she sought or that she prevailed on her discrimination claim. *See Hanrahan v. Hampton*, 446 US 754, 757, 100 S Ct 1987, 64 L Ed 2d 670 (1980) (per curiam) (a party must have "established his entitlement to some relief on the merits of his claims" before a court may award fees). To be sure, in answering the questions on the special verdict form, the jury found that defendant had engaged in an unlawful employment practice. But that finding did not result in an award of nominal "damages" or any other relief that plaintiff had requested. *See Hewitt v. Helms*, 482 US 755, 760-63, 107 S Ct 2672, 96 L Ed 2d 654 (1987) (a favorable legal ruling that leads to no relief is insufficient to establish that the plaintiff prevailed). Plaintiff was not the prevailing party for purposes of ORS 659.121(1).

Award of attorney fees reversed; otherwise affirmed.