Argud and submitted July 6, 2000, affirmed on appeal; reversed and remanded on cross-appeal October 16, 2002

John BRENNAN,
*Appellant - Cross-Respondent,*

*v.*

LA TOURELLE APARTMENTS,
*Respondent - Cross-Appellant.*

99F 003721; A106448

56 P3d 423

Greg Oldham argued the cause and filed the briefs for appellant - cross-respondent.

Warner E. Allen argued the cause and filed the brief for respondent - cross-appellant.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

Armstrong, J., dissenting.

**EDMONDS, P. J.**

Plaintiff appeals from a judgment dismissing as moot his claim under ORS 105.112 for the return of personal property. Defendant cross-appeals assigning error to the trial court's failure to award attorney fees under ORS 90.255 as the prevailing party in this action. We affirm on the appeal and reverse and remand on the cross-appeal.

Plaintiff's complaint alleges that defendant wrongfully prevented plaintiff from recovering his personal property from defendant's premises. Defendant filed an answer in which it denied that plaintiff was entitled to recover possession of the personal property from it "because the Defendant did not take and does not have possession of any of the property listed in the complaint." Defendant's answer explained that it was the landlord of plaintiff's girlfriend and that the girlfriend, not defendant, had possession of plaintiff's personal property at all relevant times. It also alleged that

> "Plaintiff has failed to proceed in good faith * * * for the reason that Plaintiff failed and refused to pick up his personal property despite Defendant's agreement to allow plaintiff to pick up said personal property and Defendant's provision of access to the Plaintiff for purpose of picking up Plaintiff's personal property."

Defendant also counterclaimed for attorney fees pursuant to ORS 90.255.

When the parties appeared for trial, the trial court was informed that plaintiff had recovered his personal property. Rather than proceeding to trial, the court took the issue of mootness under advisement and requested memoranda from the parties. Plaintiff filed a memorandum in which he argued, in part:

> "Because plaintiff recovered his personal property after filing the lawsuit, the parties may be required to litigate the issue of plaintiff's *right to recover* his personal property. This could happen under a number of scenarios, but the most likely, the most usual, and in this particular case the actual reason is that plaintiff believes he is entitled to his costs and attorney fees pursuant to ORS 90.255.

"Plaintiff would not be entitled to recover his attorney fees and costs if plaintiff dismissed the matter voluntarily, because defendant has filed its answer and would then be the prevailing party for purposes of attorney fees, costs and disbursements. Despite the urging of defendant and the court, plaintiff specifically refuses to dismiss its claim.

"* * * * *

"In the case before the court, the fact of physical possession no longer exists because the plaintiff recovered his personal property; however, for purposes of attorney fees, costs and disbursements, the court must try the facts and make a determination as to the *right* to possession. The court should set a trial date for this matter."

(Emphasis in original.)

In response to plaintiff's memorandum, defendant filed a memorandum that states, in part:

"At all times material herein, Defendant has adamantly maintained that Plaintiff was never a residential tenant of the Defendant. Defendant further contends that it provided Plaintiff complete access and adequate opportunities with which to pick up Plaintiff's personal property. Further, Plaintiff had sufficient/complete access to the personal property through his girlfriend * * * who was the actual tenant of the property. Plaintiff knowingly and intentionally left his personal property at the subject premises, thereby waiving his right to proceed with this action. Plaintiff recovered his personal property after filing this lawsuit.

"ISSUES

"The sole issue presently before this Court is whether the case should be dismissed or set for trial. If this case is not dismissed, it must be set for trial. Defendant requests a June trial date.

"Dismissal Versus Trial

"Plaintiff acknowledges recovering his personal property. This Court has already indicated that it intends to order this matter dismissed. Defendant concurs that this case should be dismissed. Defendant would thereby be the prevailing party."

(Internal citations omitted.) After receiving the memoranda, the court prepared a judgment, sent it to the parties and had it entered a day later by the court clerk. The judgment provides, in relevant part:

## "FACTS

"Plaintiff brought this action to recover personal property from defendant under procedures set [forth] in ORS 105.112. After the action was filed and prior to trial, the [plaintiff] recovered his personal property. The defendant asserts no right to the personal property.

"Upon learning that the plaintiff had recovered his property and that the defendant landlord was not asserting rights to the property, the court ordered a judgment of dismissal upon its own motion. The court stayed entry of the judgment until May 5th, 1999, in order for the parties to present written memorand[a]. * * *

## "OPINION

"The only issue at trial in an action by a tenant to recover personal property under ORS 105.112 is 'whether the plaintiff is entitled to possession of the personal property listed in the complaint.' ORS 105.112(2)(d). Claims for damages that stem from any withholding of personal property must be brought in a separate action. ORS 105.112(2)(e). In this instant case, there is no issue in controversy: the plaintiff has actual possession and the defendant is not disputing the plaintiff's right to possess.

"Plaintiff argues that he is entitled to recover attorney fees and that this right hinges upon the court finding at trial that he was in fact entitled to possession of the personal property. The plaintiff cites *Edward v. Fenn*, 308 Or 129[, 775 P2d 1375] (1989) and *Pacific NW Dev. Corp. v. Holloway*, 274 Or 367[, 546 P2d 1063] (1976), as standing for the proposition that the court must hear an action even when the only issue in controversy is who would have been is [*sic*] the prevailing party that would be entitled to attorney fees.

"* * * * *

"ORS 90.255 allows the court to award reasonable attorney fees to the prevailing party at trial. Had the court awarded attorney fees to a 'prevailing' party, *Edwards*

would have required the court to determine whether the prevailing party in fact had a right to recover at trial. In the instant case, the court has not awarded attorney fees to either party because there is no issue in controversy upon which either party could prevail.

"The Plaintiff's argument suggests that there is a right to attorney fees that attach through the mere filing of an action. Such a position would allow any landlord to require a court to hear an FED action even if the tenant has long vacated the premises, all in the name of collecting attorney fees. ORS 90.255 protects the court from such pointless and draining litigation by awarding such fees only to the prevailing party at trial."

Consequently, the trial court entered a judgment of dismissal and awarded no fees or costs to either party.

On appeal, plaintiff argues that the question of his "right to possession" is still at issue, because his recovery of the property did not establish the legal issue of entitlement to the property. He believes, apparently, that he would have been the prevailing party in the action if the court had determined that he was entitled to possession. Therefore, the case in its entirety was not moot, according to plaintiff, and the court should have resolved the question of his right to possession and then considered the question of costs and attorney fees thereafter.

Defendant responds that the trial court was correct in its determination of mootness once it learned that plaintiff had recovered actual physical possession of the property. It argues that, because plaintiff took nothing as a result of a judgment, but instead benefitted only from plaintiff's girlfriend's voluntary return of the property, it has successfully defeated plaintiff's claim and was therefore the prevailing party as a matter of law. As such, it argues that it is entitled to attorney fees and costs under ORS 90.255. Although defendant therefore asserts that the mootness ruling was correct, it seeks to have the judgment amended to add attorney fees in its favor.

The initial issue presented by this case is whether the trial court's judgment is appealable as a final judgment under ORS 19.205. The judgment says, "The court orders

entry of Judgment of Dismissal. No fees or costs awarded to either party." In general, a judgment that adjudicates fewer than all of the claims of all the parties to an action is not a final judgment for purposes of appeal, ORS 19.205, unless the trial court enters the judgment under ORCP 67 B and expressly decides to issue a judgment on fewer than all claims. *Butler v. Dept. of Corrections*, 138 Or App 190, 206, 909 P2d 163 (1995). The judgment in this case does not purport to be a judgment under ORCP 67 B.

In *Wheatley v. Safley*, 92 Or App 233, 758 P2d 377 (1988), we held that a judgment that failed to dispose of a counterclaim for attorney fees was not a final judgment under *former* ORS 19.033(1) (1985), *renumbered as* ORS 19.270 (1997), and ORCP 68 C. Consequently, we dismissed the appeal in that case because there was no final judgment. After our decision in *Wheatley*, the Supreme Court decided *Propp v. Long*, 313 Or 218, 831 P2d 685 (1992). In *Propp*, the court held that the only means for bringing a claim for attorney fees, with few exceptions, is to follow the procedures in ORCP 68. Thus, a "counterclaim" for attorney fees was held not to be a "claim" that must be disposed of in a judgment, in order to make the judgment final under ORCP 67. Applying the reasoning in *Propp* to this case, defendant's claim for attorney fees, styled as a counterclaim, was not required to be disposed of in the judgment in order to make it "final" for purposes of appeal. A request for attorney fees is not a "claim" that affects the finality of a judgment. Consequently, the judgment on appeal in this case is final and appealable.

On the merits, we conclude as follows: (1) the trial court erred when it ruled that the entire case or controversy before it was moot because only the return of the property was moot; (2) the court was required to designate defendant as the prevailing party as a matter of law; and (3) on remand, the court must exercise its discretion regarding whether to award attorney fees to defendant as the prevailing party. The following paragraphs explain our reasoning in support of those conclusions.

Whether a case is moot depends in part on whether the court's decision can have a practical effect on the rights of the parties. *Brumnett v. PSRB*, 315 Or 402, 405, 848 P2d

1194 (1993). In this case, both parties sought to recover attorney fees, on theories that depended on different legal rulings. Plaintiff sought fees on the theory that, if the court had held a hearing, he could have proved that defendant was withholding possession from him and thus he is the prevailing party. Defendant sought attorney fees on the theory that, because plaintiff's claim was dismissed, it was entitled to be designated the prevailing party. The award or denial of attorney fees to either party has a practical effect on both parties. The issue in this case is similar to that in *Pacific N.W. Dev. Corp.*, where the court held that, although the basic issue of the right to possession of an apartment was moot, the plaintiff was not precluded from challenging on appeal the district court's award of attorney fees 274 Or at 367. Just as in that case the issue of attorney fees prevented the case from being moot, so too, in this case the issue of whether attorney fees should be awarded to the prevailing party is justiciable.

■     We turn next to the issue of whether the trial court erred in not designating a prevailing party. As to that issue, ORS 90.255 provides:

> "In any action on a rental agreement or arising under this chapter, reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered."

Unquestionably, plaintiff brought his action based on an alleged rental agreement. Not only did he seek attorney fees under ORS 90.255, but his memorandum to the trial court on the issue of mootness and his brief on appeal to this court make clear that his claim is made under ORS 105.112(1) as well. That statute provides authority for an action by a tenant against a landlord to recover personal property "taken or retained by a landlord in violation of ORS chapter 90." Consequently, as defined by ORS 90.255, the "prevailing party" in this action is "the party in whose favor final judgment is rendered." The language of the statute is unambiguous. The phrase "prevailing party" means the party who gained victory in the proceeding, *Webster's Third New Int'l Dictionary*

1797 (unabridged ed 1993), and the statute's language contemplates the designation of a prevailing party. *See also Wilkes v. Zurlinden*, 328 Or 626, 632, 984 P2d 261 (1999) stating that "[i]f plaintiff takes nothing on its claim, then the defendant is the prevailing party under ORS 20.096 [1999] and is entitled to an award of attorney fees."). *American Petrofina v. D & L Oil Supply*, 283 Or 183, 583 P2d 521 (1978).

■   In light of the statute's language, we turn to the trial court's judgment. It states that "The court orders entry of Judgment of Dismissal. No fees or costs awarded to either Party." Typically, when a judgment dismisses the complaint, the defending party is considered the prevailing party. As the court said in *DeYoung/Thomas v. Board of Parole*, 332 Or 266, 276, 27 P3d 110 (2001), in the context of who is a prevailing party on appeal,

> "[a]lthough appellate courts may decline to award costs to the prevailing party in cases of dismissal, for reasons of fairness or otherwise, a party nevertheless may be said to have prevailed on appeal, for purposes of costs and disbursements, by obtaining dismissal of the appeal or petition."

(Footnote omitted.) *See also Portland & O.C. Ry. Co. v. Doyle*, 86 Or 206, 167 P 270, 168 P 291 (1917). In light of ORS 90.255, we conclude that the trial court erred in failing to designate a prevailing party in the judgment.

■   With that background, we turn to the issue of whether plaintiff was entitled to a hearing on which party was the prevailing party or whether defendant is the prevailing party as a matter of law. In *Conifer Ridge Homeowners Assn. v. Hayworth*, 176 Or App 603, 32 P3d 929 (2001), this court addressed an argument similar to the one that plaintiff makes here. In that case, the plaintiffs filed an action requesting certain injunctive relief as against the defendants. The defendants eventually voluntarily did everything that the plaintiffs sought to have the court compel them to do through the issuance of an injunction. The plaintiffs then sought attorney fees as the prevailing party, arguing that the impetus for the defendant's compliance with their requests was the filing of the action and that they were the "prevailing

parties" based on a "catalyst theory." *Id.* at 609-10. The "catalyst" theory has been explained by one court as follows:

> "Where a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a 'prevailing party' under [42 USC] section 1988 if his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous, meaning the plaintiff's suit was neither frivolous, unreasonable nor groundless."

*Little Rock School Dist. v. Special School Dist. 1*, 17 F3d 260, 262-63 (8th Cir 1994).

In *Conifer*, we declined to adopt the "catalyst" theory because, even were we to recognize the theory, the plaintiffs had failed to prove that the filing of the action was the catalyst for the defendant's ultimate compliance. 176 Or App at 610-11; *see also Siverly v. Young & Morgan Trucking Co.*, 172 Or App 282, 285, 17 P3d 579 (2001); *Freedland v. Trebes*, 162 Or App 374, 378 n 2, 986 P2d 630 (1999). The "catalyst" theory has obvious value in federal civil rights actions, like that involved in *Little Rock School Dist.* If a plaintiff is able to demonstrate a nonfrivolous claim in that context, it means that there is at least an arguable violation of the plaintiff's civil rights. A defendant's voluntary compliance with civil rights laws occurring before the entry of judgment that mandates such compliance accomplishes the purpose of the underlying law. Therefore, if a plaintiff's filing of a legal action results in such a result without proceeding to judgment, it is as much in the interest of furthering the policy of the law as if judgment had been rendered.

Such a policy, however, cannot be reconciled with the plain language of ORS 90.255. The statute defines a "prevailing party" as the party in whose favor final judgment is rendered. Because plaintiff's complaint was dismissed, the judgment should have designated defendant as the prevailing party. Employing the "catalyst" rule would turn the language of the statute on its head. Although the final judgment would be in favor of defendant because plaintiff's action was dismissed, plaintiff, under his interpretation, could still become the prevailing party by showing that his action induced the recovery of the property from defendant. However, the statute's language does not permit that result.

Under the language of the statute, a dismissal of the plaintiff's complaint is by definition a judgment in favor of the defendant. *DeYoung/Thomas*, 332 Or at 276; *Wilkes*, 328 Or at 633, *American Petrofina*; 283 Or at 199-200 (1978); *Portland & O.C. Ry. Co.*, 86 Or at 210. For the above reasons, we reject plaintiff's argument that he was entitled to a hearing to demonstrate that he was the prevailing party. As a matter of statutory interpretation, defendant is the prevailing party as a matter of law on the facts before us.

Moreover, the policy underlying the enforcement of civil rights laws is inapplicable to claims made under ORS 105.112 for the return of personal property. While the public has an interest in compliance with civil rights laws without the need for litigation and an award of attorney fees against an offender who capitulates after the action is filed will further such an interest, that kind of public interest is lacking in a dispute over whether a landlord is in possession of a tenant's property. In the latter situation, there is no fundamental principle at stake expressed by a law in which the members of the public have a direct interest. Rather, the dispute is between private parties. Indeed, to adopt a catalyst rule under such circumstances does not motivate public compliance with some fundamental concept of civil liberty. Rather it encourages costly litigation and provides a motive to seek a court-ordered remedy as opposed to settling such disputes without the need for litigation.

The analysis required by ORS 90.255 does not end simply because the judgment designates a prevailing party. Under the language of the statute, the trial court has discretion as to whether to award attorney fees to the prevailing party.[1] Here, the trial court did not exercise that discretion because it ruled that there was no prevailing party. That holding was also error, and on remand, the trial court must exercise its discretion in deciding whether to award attorney fees to defendant as the prevailing party.[2]

---

[1] In effect, the discretion given to the trial court by the legislature to decline to award attorney fees to a prevailing party serves the same purpose as the "catalyst" rule.

[2] We decide this case only under the provisions of ORS 90.255 and express no opinion as to whether there is a need to designate a prevailing party regarding other kinds of claims.

Affirmed on appeal; reversed and remanded on cross-appeal.

**ARMSTRONG, J.,** dissenting.

The majority concludes that defendant is the prevailing party for purposes of an award of attorney fees under ORS 90.255 because the court dismissed plaintiff's action to recover his personal property from defendant. In its view, it does not matter that the trial court dismissed the action as moot on the ground that plaintiff had recovered his property independently of the action. I respectfully disagree. Although dismissal of an action normally makes the defendant the prevailing party in it, that is not necessarily the case when the dismissal occurs because events independent of the action have caused the action to become moot.

Assume, for these purposes, that defendant had wrongfully withheld plaintiff's property and did not intend to return it. After plaintiff filed his action to recover his property, an employee of defendant mistakenly gives plaintiff the property. The action would then be moot, and the court would have to dismiss it. According to the majority, the dismissal would make defendant the prevailing party even though the dismissal occurred because plaintiff had recovered his wrongfully withheld property from defendant independently of the action. I do not believe that ORS 90.255 and the other, equivalent statutes that govern the award of costs and attorney fees to the party "in whose favor final judgment is rendered" must be understood to require that result.

I believe that the attorney-fee language in ORS 90.255 and equivalent statutes can be interpreted in four, alternative ways. One is the interpretation that plaintiff advances. Under it, even though plaintiff recovered his property, the court still would have to determine if defendant had wrongfully withheld it. The resolution of that issue would determine who prevailed in the action and, consequently, who was entitled to seek an award of attorney fees. Notwithstanding the cases that plaintiff cites as support for that interpretation,[1] I agree with the majority that the legislature did not intend the attorney-fee language to work that way.

---

[1] *See Edwards v. Fenn,* 308 Or 129, 775 P2d 1375 (1989); *Pacific N.W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976).

Another interpretation is the one that the majority settles on. Under it, there must always be a prevailing party in an action, and the defendant is the prevailing party if the judgment dismisses the action. I reject that interpretation. In most cases in which an action is dismissed, it is appropriate to consider the defendant to be the party in whose favor the final judgment is rendered. However, when an action is dismissed because it has become moot as a result of events occurring after and independently of the filing of the action, I do not believe that the judgment dismissing the action necessarily must be understood to be in the defendant's favor. In contrast to all other dismissals, such a dismissal is one in which the court has lost the ability to give relief to any party, so the judgment that dismisses the action is one that does not favor either party.

A third interpretation is the one that I have described in rejecting the majority's holding. Under it, when independent events result in the dismissal of an action as moot, neither party prevails for purposes of awarding attorney fees.

A final alternative interpretation is one that embodies a "catalyst" principle, in which an action that is dismissed as moot as a result of independent events can have a prevailing party. However, the designation of that party depends on whether one of the parties can establish that the action became moot because of independent steps that the other party took to avoid potential liability in the action.[2]

There is no legislative history or other information of which I am aware that provides useful guidance on which of the alternative interpretations of the attorney-fee language in ORS 90.255 is correct. I believe, however, that the third alternative interpretation most likely reflects the legislature's intended policy on the designation of prevailing parties and the award of attorney fees in residential landlord-tenant litigation. Because the trial court's rejection of an award of

---

[2] *See, e.g.*, *Little Rock School Dist. v. Pulaski County Special School Dist. # 1*, 17 F3d 260, 262-63 (8th Cir 1994) (plaintiffs entitled to attorney fees as prevailing parties in civil rights litigation where lawsuit was catalyst for voluntary action by defendant that rendered lawsuit moot).

attorney fees in this case is consistent with that interpretation, I dissent from the majority's decision to reverse the trial court judgment.