Argued and submitted November 18, 2008, affirmed April 29, 2009

Gregg K. CLAPPER,
*Plaintiff-Appellant,*

*v.*

OREGON STATE POLICE,
an agency of the State of Oregon,
*Defendant-Respondent.*

Marion County Circuit Court
06C16754; A134701

206 P3d 1135

D. Rahn Hostetter argued the cause and filed the briefs for appellant.

Judy C. Lucas, Senior Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kaye E. McDonald, Senior Assistant Attorney General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Plaintiff brought this action in Marion County Circuit Court seeking to compel defendant, the Oregon State Police (OSP), to disclose a requested public record. After defendant moved for summary judgment, plaintiff asked the court to delay the trial so that he could continue to conduct discovery. The court denied that request, granted defendant's motion for summary judgment, and entered judgment in favor of defendant on the ground that plaintiff had received all of the records that he had requested, thereby rendering the action moot. On appeal, plaintiff argues that the court prematurely denied further discovery, thereby preventing him from determining whether he had, in fact, received all of the requested material; that the court erred in entering judgment in favor of defendant based on mootness; and that the court should have awarded him attorney fees because, even if the case had become moot, that was so only because plaintiff's action had compelled the agency to disclose the records. We affirm.

In June 2006, plaintiff, through counsel, submitted a request to the OSP for "[a]ll notes, journals, reports, and tape recordings made or conducted by [OSP Sergeant] Scott Moore concerning investigation of Warren Morris and/or Scott Morris on alleged wildlife violations." *See* ORS 192.420 (conferring qualified right to inspect public records); ORS 192.440 (imposing qualified duty to grant request to inspect public records). OSP denied the request on the ground that the records were exempt from disclosure because they were implicated in an ongoing criminal investigation concerning plaintiff. *See* ORS 192.501(3) (describing exemption). In its letter to plaintiff explaining the denial, OSP told him to contact the Wallowa County District Attorney if he had any questions.

Plaintiff did so, and he learned that OSP's denial was not justified. The requested records were not, in fact, implicated in an ongoing investigation. The error resulted from confusion caused by the fact that the information regarding Warren Morris and Scott Morris was developed in conjunction with an ongoing criminal prosecution against plaintiff, but that the investigation of plaintiff did not involve any ongoing investigation or prosecution of the Morrises.

OSP had assigned a single file number to the case and had failed to recognize that the investigation into the Morrises' wildlife violations had been closed.

Plaintiff's counsel learned of this error in a letter from the Wallowa County District Attorney. That letter also informed counsel that the requested report involving the Morrises "has been provided to you." That, too, was wrong. Plaintiff then petitioned the Attorney General as provided in ORS 192.450(1),[1] asking him to review OSP's denial. The Attorney General received that petition on July 10, 2006, and had seven days to respond. *Id.* He did so on July 17.

In the response, the Attorney General first denied plaintiff's request for records concerning the case against plaintiff himself—a request that plaintiff did not, in fact, make—on the ground that the records concerned an ongoing criminal investigation. Second, he denied the request for the records that plaintiff *did* request "because OSP has agreed to release those records to you." That fact, the Attorney General asserted, made plaintiff's petition moot.[2]

Plaintiff filed this action in circuit court two days later, pursuant to ORS 192.450(2).[3] Sometime in August 2006, he finally received from the Attorney General a CD containing the audio file of testimony by Warren Morris, a document showing receipts for purchase of archery equipment by the Morrises, some hunting tag records, and a complete copy of Moore's notes related to the Warren and Scott Morris investigation. According to affidavits submitted by the OSP custodian of records and Moore, plaintiff received all

---

[1] ORS 192.450(1) provides, in part:

"[A]ny person denied the right to inspect or to receive a copy of any public record of a state agency may petition the Attorney General to review the public record to determine if it may be withheld from public inspection."

[2] This case does not require us to decide whether the Attorney General complies with ORS 192.450 by the practice, when confronted with a meritorious petition to compel disclosure, of first ordering disclosure and then denying the request as moot, and we express no opinion on that question.

[3] ORS 192.450(2) provides, in part:

"If the Attorney General denies the petition in whole or in part, * * * the person seeking disclosure may institute such proceedings [for injunctive or declaratory relief in circuit court]."

of the requested materials that OSP had ever generated or possessed.

Plaintiff's counsel was dubious. In an affidavit, he asserted,

> "In depositions of Warren Morris and Scott Morris, both men testified concerning contacts they had with Sgt. Moore. Warren Morris testified to materials given by him to Sgt. Moore. These contacts, they say, were around the time of Sgt. Moore's investigation. None of those contacts or materials are referenced in the materials produced by OSP."

Plaintiff wanted to depose Moore, and he filed a notice of deposition. Defendant, in response, filed a motion for summary judgment and, at the same time, a motion to stay discovery. Plaintiff filed a cross-motion for summary judgment that included a request to delay the trial so that he could continue discovery. A hearing in circuit court ensued.

There, plaintiff contended that, because various state officials had twice erroneously assured him that they had provided him with the requested records, he remained skeptical and wanted to continue the discovery process, particularly in light of the fact that the Morrises had told his attorney about contacts with Moore that were not referred to in Moore's report. The following colloquy ensued:

> "THE COURT: Okay. And so who are you thinking that you would depose, if you were allowed to do discovery?
>
> "PLAINTIFF'S COUNSEL: Well, Scott Moore, although since I filed this I learned that Scott Moore is now deceased. So I'm not sure of the answer to that now. But it would have been Scott Moore, because, as I said in my Affidavit * * *, I had taken depositions of Warren Morris and Scott Morris and both of them testified about other contacts."

The court took the matter under advisement and ultimately granted defendant's motion for summary judgment, denied plaintiff's, and entered a general judgment dismissing plaintiff's complaint. That judgment implicitly denied plaintiff's motion to delay the trial. In a letter opinion, the court explained,

"It appears that the Attorney General should have granted rather than denied plaintiff's request as to the investigation by Sergeant Moore [concerning the Morrises]. However, the release of the requested records to plaintiff renders moot plaintiff's request for relief, because any decision by this court on that issue would not have a practical effect on the rights of the parties, as their interests in that matter have ceased to be adverse."

(Footnote omitted.) The court also denied plaintiff's request for attorney fees.

On appeal, plaintiff argues first that the court erred in denying his request to delay the trial so that he could continue discovery. We review the court's decision for abuse of discretion. *Robinson v. Lamb's Wilsonville Thriftway*, 162 Or App 632, 639, 986 P2d 661 (1999), *rev'd on other grounds*, 332 Or 453, 31 P3d 421 (2001). In light of plaintiff's statement that the only discovery that he had wanted to conduct was the deposition of Moore, who was dead, we conclude that the trial court's decision to deny plaintiff's request was not erroneous. In his reply brief, plaintiff now argues that he would have deposed "associates, relatives, or supervisors of the deceased Sergeant Moore," one of whom, Moore's widow, has Moore's "notebooks." He did not make that argument to the trial court or in his opening brief, nor does he explain what he might have hoped to discover in his interviews or examination of the notebooks. We therefore do not consider that new argument.

Plaintiff next argues that the court erred in granting defendant's motion for summary judgment. Summary judgment is appropriate if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. ORCP 47 C. We review the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the party opposing the motion. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). Here, defendant presented affidavits from Moore, attesting, "I prepared a single report concerning my investigation" of a possible game violation by Scott Morris, and "I have no other records responsive to [plaintiff's counsel's] public records request." The OSP custodian of records also submitted an affidavit in which she

attested that she had reviewed OSP records, found one report prepared by Moore dealing with a game violation by Scott Morris, provided a complete copy of Moore's notes, and provided plaintiff's counsel with "all non-exempt public records that are subject to his request." Plaintiff, for his part, presented only an affidavit, asserting,

> "In depositions of Warren Morris and Scott Morris, both men testified concerning contacts they had with Sgt. Moore. Warren Morris testified to materials given by him to Sgt. Moore. These contacts, they say, were around the time of Sgt. Moore's investigation. None of those contacts or materials are referenced in the materials produced by OSP."

We conclude that, on this record, plaintiff did not raise an issue of material fact. He did not produce any evidence that Moore withheld relevant or material information. He did not present the depositions that he asserts contained relevant information, nor did he indicate what that information might be. Rather, he produced facts that indicate only his own suspicion that some information may exist that might be relevant. That is not sufficient.

■■ The question remains whether defendant was entitled to judgment as a matter of law. As we conclude above, by the time of trial, plaintiff had received all of the records that he had requested. A ruling by the court would have had no effect on the rights of either party. The case was therefore moot. *Kay v. David Douglas Sch. Dist. No. 40*, 303 Or 574, 738 P2d 1389 (1987), *cert den*, 484 US 1032 (1988). Where a case becomes moot, dismissal is the appropriate disposition, and, "[t]ypically, when a judgment dismisses the complaint, the defending party is considered the prevailing party." *Brennan v. La Tourelle Apartments*, 184 Or App 235, 243, 56 P3d 423 (2002). Defendant was therefore entitled to judgment as a matter of law. The court did not err in granting its motion for summary judgment.

■■ Plaintiff finally contends that, despite the fact that defendant was the prevailing party, plaintiff is entitled to attorney fees under the so-called "catalyst" theory, that is,

that, "[w]here a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a 'prevailing party' * * * if his suit is a catalyst for the defendant's voluntary compliance." *Id.* at 244 (quoting *Little Rock School Dist. v. Special School Dist. 1*, 17 F3d 260, 262-63 (8th Cir 1994)). Oregon courts have not adopted the catalyst theory, and, even if they had, it would not apply here. That is so because plaintiff has adduced no evidence to support the assertion that defendant complied with his request as a result of the action and not because it was ordered to do so by the Attorney General.

Affirmed.