IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| DAR MAKKAH ASSOCIATION, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | TC-MD 180280G |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION OF DISMISSAL[1]** |

Plaintiff withdrew its Complaint by letter, stating: "Please cancel this case per this request and mail refund if possible * * *.  The property tax on this property has been corrected by the county and no taxes are owed anymore."  Construing Plaintiff's request for a refund as a request for an award of its filing fee, the court issued its Decision of Dismissal, which provided Defendant with a 14-day period in which to file an objection.  Defendant did not file an objection.

Tax Court Rule–Magistrate Division (TCR–MD) 16 B permits this court to award costs and disbursements "to the prevailing party[.]"  Thus, to receive an award of a filing fee, a party must be designated as "prevailing."  In the analogous situation of attorney fee awards, "the prevailing party is the party who receives a favorable judgment or arbitration award on a claim."  ORS 20.077(2).  A party prevails who persuades the court to either grant affirmative relief or reject an opponent's claim for such relief.  *Ellison v. Dept. of Rev.*, 362 Or 148, 166, 404 P3d 933 (2017), *opinion adh'd to as modified on recons*, 362 Or 527, 412 P3d 201 (2018).

A plaintiff who obtains relief from the defendant rather than the court is differently situated.  Some courts in other jurisdictions hold that such plaintiffs are prevailing parties under

---

[1] The court's Decision of Dismissal was entered August 17, 2018.

the "catalyst theory":

> "Where a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a 'prevailing party' * * * if his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous, meaning the plaintiff's suit was neither frivolous, unreasonable nor groundless."

*Little Rock School Dist. v. Special School Dist. 1*, 17 F3d 260, 262–63 (8th Cir 1994), quoted in *Brennan v. La Tourelle Apartments*, 184 Or App 235, 244, 56 P3d 423 (2002). However, "Oregon does not * * * follow that so-called 'catalyst' doctrine." *FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547, 550 n 3 (2012) (citing *Clapper v. Oregon State Police*, 228 Or App 172, 206 P3d 1135 (2009)).

Here, Plaintiff withdrew its Complaint after receiving relief from Defendant and therefore could only be designated as prevailing under the catalyst theory. Because Oregon does not follow that theory, Plaintiff cannot be designated a prevailing party in this case. This court is not authorized to award Plaintiff costs and disbursements. *See* TCR–MD 16 B. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Complaint is dismissed.

IT IS FURTHER DECIDED that Plaintiff's request for its filing fee is denied.

Dated this ___ day of September, 2018.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*
*This document was signed by Magistrate Poul F. Lundgren and entered on September 5, 2018.*