IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

SUSAN VOVOU,                          )
                                      )
          Plaintiff,                  )    TC-MD 180348G
                                      )
    v.                                )
                                      )
HOOD RIVER COUNTY ASSESSOR,           )
                                      )
          Defendant.                  )    **DECISION OF DISMISSAL**

At issue is the eligibility of Plaintiff (taxpayer) for an award of costs and disbursements after receiving her requested relief from Defendant (the county). In its Order Granting Defendant's Motion to Dismiss, incorporated herein by reference, the court dismissed taxpayer's Complaint as moot. Thereafter, taxpayer filed a cost bill for the amount of her filing fee, and the county filed its objection on the grounds that taxpayer was not a prevailing party and that her appeal was unnecessary because the county would have corrected its mistake if taxpayer had brought the matter to its attention.

Tax Court Rule–Magistrate Division (TCR–MD) 16 B permits this court to award costs and disbursements "to the prevailing party[.]" Thus, to receive an award of a filing fee, a party must be designated as "prevailing." In the analogous situation of attorney fee awards, "the prevailing party is the party who receives a favorable judgment or arbitration award on a claim." ORS 20.077(2). A party prevails who persuades the court to either grant affirmative relief or reject an opponent's claim for such relief. *Ellison v. Dept. of Rev.*, 362 Or 148, 166, 404 P3d 933 (2017), *opinion adh'd to as modified on recons*, 362 Or 527, 412 P3d 201 (2018).

/ / /

/ / /

A plaintiff who obtains relief from the defendant rather than the court is differently situated. Some courts in other jurisdictions hold that such plaintiffs are prevailing parties under the "catalyst theory":

> "Where a defendant voluntarily complies with a plaintiff's requested relief, thereby rendering the plaintiff's lawsuit moot, the plaintiff is a 'prevailing party' * * * if his suit is a catalyst for the defendant's voluntary compliance and the defendant's compliance was not gratuitous, meaning the plaintiff's suit was neither frivolous, unreasonable nor groundless."

*Little Rock School Dist. v. Special School Dist. 1*, 17 F3d 260, 262–63 (8th Cir 1994), quoted in *Brennan v. La Tourelle Apartments*, 184 Or App 235, 244, 56 P3d 423 (2002). However, "Oregon does not * * * follow that so-called 'catalyst' doctrine." *FedEx Ground Package System, Inc. v. Dept. of Rev.*, 20 OTR 547, 550 n 3 (2012) (citing *Clapper v. Oregon State Police*, 228 Or App 172, 206 P3d 1135 (2009) ).

Here, taxpayer requested recision of the county's notice disqualifying the subject property from farm-use special assessment. The county then reinstated the subject into special assessment for the tax year at issue, rendering taxpayer's lawsuit moot. Because taxpayer received her requested relief from the county instead of from the court, she could only be a prevailing party under the catalyst theory. Because Oregon does not follow the catalyst theory, she is not a prevailing party. Now, therefore,

IT IS HEREBY DECIDED that taxpayer's Complaint is dismissed as moot. Each party shall bear its own costs.

Dated this ____ day of January, 2019.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR. Your complaint must be submitted within __60__ days after the date of the Decision of Dismissal or this Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lundgren and entered on January 28, 2019.*