Argued and submitted May 14, reversed and remanded with instructions to dismiss October 10, 1990

## MORSE BROS., INC.,
*Respondent,*

*v.*

## OREGON DEPARTMENT OF ECONOMIC DEVELOPMENT (ODED),
*Appellant.*

(89C-10777; CA A60752 (Control), A62376)
(Cases Consolidated)

798 P2d 719

Michael C. Livingston, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Oregon Department of Economic Development (ODED) appeals a judgment requiring it to allow respondent Morse Bros., Inc. (Morse) to review certain public records. ORS 192.420. We reverse.

Morse and Precision Castparts Corporation were involved in a land use matter scheduled to be heard on May 11, 1989, in Clackamas County. On May 1, 1989, Morse orally requested ODED to produce certain records concerning Precision Castparts. The next day, Morse submitted a written request that stated that an immediate response was necessary. On May 3, ODED informed Morse that it had referred the request to the Attorney General's office. On that same day, Morse petitioned the Attorney General for an order requiring ODED to produce the records. On May 4, the Assistant Attorney General representing ODED orally explained to Morse's attorney that she would review the records the next day to determine if any were exempt from disclosure and that Morse's petition to the Attorney General was premature because ODED had not yet denied access to any of the records.

On May 5, 1989, the Assistant Attorney General informed Morse that she could not review the records until Monday, May 8, 1989, because she needed information from representatives of Precision Castparts, who were not available until then. That afternoon, Morse filed the complaint in this case in circuit court seeking injunctive or declaratory relief. On May 8, the Assistant Attorney General advised Morse's attorney that he could review the records, except for some that were exempt from disclosure. On May 9, the Attorney General issued an order denying Morse's May 3 petition on the basis that it was premature. Morse did not seek review of that order.

ODED argues that the trial court erred in failing to dismiss Morse's complaint. We conclude that Morse failed to comply with the administrative procedures that are a prerequisite to circuit court review of a public records request and that, therefore, the complaint should have been dismissed.

Under the Public Records Law, a person has the right to inspect any records of a public body of this state except records exempt from disclosure. ORS 192.420; ORS 192.501; ORS 192.502; ORS 192.505. Agencies are required to provide

"reasonable opportunities for inspection and examination" of the records. ORS 192.430. A person who is denied the right to inspect a public record may petition the Attorney General to review the agency's decision. ORS 192.450. However, Morse petitioned the Attorney General for review *before* the agency had taken action on the request. The Public Records Law clearly contemplates that agencies have the opportunity to review the requested records and to act on the request before the Attorney General or the courts can review the matter. ORS 192.430(2). Morse did not allow the agency that opportunity and, once the agency did act, Morse did not seek review by the Attorney General of the agency's decision.

Morse failed to satisfy the prerequisite for circuit court review. A person may institute proceedings for injunctive or declaratory relief in the Circuit Court for Marion County "if the Attorney General denies the petition [to the Attorney General] in whole or in part, or if the state agency continues to withhold the record or a part of it notwithstanding an order to disclose by the Attorney General," or if the Attorney General fails to act within seven days. ORS 192.450(2); ORS 192.465(1). Here, Morse brought the proceeding in circuit court before the Attorney General had taken any action on the petition and before the Attorney General was required to act. Consequently, the trial court should have dismissed Morse's complaint.

ODED also seeks review of the trial court's award of attorney fees to Morse. ORS 192.490 provides that, if a petitioner prevails or if the agency fails to comply with the Attorney General's order, the petitioner is to be awarded costs and reasonable attorney's fees. ORS 192.490. Here, the agency fully complied with the law, and costs and attorney fees should not have been awarded to Morse.

Reversed and remanded with instructions to dismiss.