Submitted October 11, 2013, reversed and remanded with instructions to award plaintiff reasonable attorney fees for time spent on the recovery of common area maintenance charges due under the lease; otherwise affirmed August 27, 2014

16TH GROUP, LLC,
an Oregon limited liability company,
*Plaintiff-Appellant,*

*v.*

LYNCH MECHANICAL CONSTRUCTION, LLC,
an Oregon limited liability company;
and Martin R. Ralston,
*Defendants-Respondents.*

Multnomah County Circuit Court
101217740; A151536

334 P3d 988

Michael J. Kavanaugh filed the brief for appellant.

Nicholas J. Henderson and Motschenbacher & Blattner, LLP, filed the brief for respondents.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and De Muniz, Senior Judge.

DE MUNIZ, S. J.

**DE MUNIZ, S. J.**

Plaintiff filed an action against defendants for breach of lease, alleging that defendants had failed to pay rent due under the lease, had failed to pay common area maintenance (CAM) charges due under the lease, and had damaged the leased property in violation of certain provisions of the lease.[1] The trial court entered judgment for plaintiff on the breach-of-lease claim, assigning specific damage awards to the rent due, the CAM charges due, and the damage to the leased property caused by defendant's improper removal of HVAC equipment. In a supplemental judgment, the trial court awarded attorney fees to both plaintiff and defendants. Plaintiff appeals that judgment, arguing that the trial court erred in awarding attorney fees to defendants. For the reasons explained below, we agree with plaintiff, reverse the award of attorney fees to defendants, and remand to the trial court for an award of reasonable attorney fees to plaintiff.

The facts pertinent on appeal are undisputed. In September 2005, the parties signed a lease agreement. The agreement provided that, should either party bring an action involving the premises, the prevailing party would be entitled to reasonable attorney fees. Section 31 of the lease states:

> "Attorneys' Fees. If any Party or Broker brings an action or proceeding involving the Premises whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing Party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees. * * * The term, 'Prevailing Party' shall include, without limitation, a Party or Broker who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or the abandonment by the other Party or Broker of its claim or defense."

The agreement defines "rent" as "[a]ll monetary obligations of Lessee to Lessor under the terms of this Lease (except for the Security Deposit)."

---

[1] Plaintiff alleged two claims for relief in its amended complaint. The first claim was for breach of the lease; the second claim was for breach of contract unrelated to the breach-of-lease claim. The latter claim was dismissed and is not involved in this appeal.

As described earlier, plaintiff brought an action against defendants for breach of the lease, alleging that defendants had (1) failed to pay holdover rent, (2) failed to pay CAM charges due under the lease, and (3) installed and removed an HVAC system without permission and in doing so damaged the roof, the floor, and the garage door of the premises. On the breach-of-lease claim, plaintiff sought to recover $77,246.33.

The trial court awarded plaintiff damages of $28,428.00 for holdover rent and $2,842.80 for late fees on the holdover rent, with interest; rent of $11,734.00 for unpaid CAM charges; and rent of $5,000.00 for the removal of equipment (subject to a $3,000.00 rent credit in defendants' favor for their security deposit). Although the court awarded plaintiff damages for the unpaid CAM charges, the court stated in the general judgment, "the Court finds that defendants did not breach any obligation to pay CAM charges and the first time plaintiff presented proper evidence of CAM charges to defendant[s] was at trial."

With regard to attorney fees under the lease, the trial court reasoned that plaintiff's allegations constituted three separate claims for breach of lease. In a supplemental judgment, the court awarded plaintiff attorney fees for the time spent on the breach-of-lease claims related to the holdover rent and the removal of the HVAC system, but awarded attorney fees to defendants on the breach-of-lease claim related to the CAM charges, concluding that defendants had prevailed on that claim. As noted earlier, plaintiff challenges the award of attorney fees to defendants.

Under the terms of the lease agreement, the trial court was required to award attorney fees to the "prevailing party" and, thus, had no discretion to refuse to do so. *See Beggs v. Hart*, 221 Or App 528, 536, 191 P3d 747 (2008) (when a claim is based on a contract that requires the award of attorney fees, the court does not have discretion to decline to identify and award attorney fees to the prevailing party); *Ladum v. City of Reedsport*, 83 Or App 666, 669, 733 P2d 66 (1987) (same). Absent a contrary indication, the parties are presumed to refer to ORS 20.077 for the meaning of "prevailing party," and both parties argued only that that

definition applied here. Accordingly, to determine the "prevailing party" in the action, the trial court was required to apply the provisions of ORS 20.077:

"(1)   In any action or suit in which one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section. The provisions of this section apply to all proceedings in the action or suit, including arbitration, trial and appeal.

"(2)   For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim. If more than one claim is made in an action or suit for which an award of attorney fees is either authorized or required, the court or arbitrator shall:

"(a)   Identify each party that prevails on a claim for which attorney fees could be awarded;

"(b)   Decide whether to award attorney fees on claims for which the court or arbitrator is authorized to award attorney fees, and the amount of the award;

"(c)   Decide the amount of the award of attorney fees on claims for which the court or arbitrator is required to award attorney fees; and

"(d)   Enter a judgment that complies with the requirements of ORS 18.038 and 18.042."

Under the statute, attorney fees are awarded to a "prevailing party" on a claim-by-claim basis. *See Lemargie v. Johnson*, 212 Or App 451, 454 n 3, 157 P3d 1284 (2007) ("Under ORS 20.077, there can be more than one prevailing party in actions that involve multiple claims or counterclaims * * *."). Thus, to the extent that a claim requires an award of attorney fees, under ORS 20.077(2)(c) the court "shall" award attorney fees to the "prevailing party" on that "claim."

We need not decide whether the trial court was correct, under ORS 20.077, in segregating plaintiff's breach-of-lease claim into three separate "claims" and then determining a "prevailing party" on each of them individually. Although the trial court commented that it did not find that defendants had breached the lease in failing to pay

the CAM charges, it nevertheless awarded plaintiff, "rent of $11,734.00 for unpaid [CAM] charges" in the general judgment. The prevailing party on a claim is the party that received a *favorable judgment on a claim*, and that is determined by "weigh[ing] 'what was sought by each party against the result obtained.'" *Beggs*, 221 Or App at 538-39 (quoting *Lawrence v. Peel*, 45 Or App 233, 243, 607 P2d 1386 (1980)). Thus, despite the court's comments, plaintiff, not defendants prevailed as matter of law with regard to the unpaid CAM charges. Because plaintiff prevailed, the trial court erred in awarding attorney fees to defendants in the supplemental judgment.

Reversed and remanded with instructions to award plaintiff reasonable attorney fees for time spent on the recovery of common area maintenance charges due under the lease; otherwise affirmed.