Argued and submitted September 21, 2015, reversed and remanded May 3, petition for review dismissed October 5, 2017 (362 Or 39)

THE INTERNATIONAL LONGSHORE
AND WAREHOUSE UNION,
a California unincorporated association,
*Plaintiff-Appellant,*

*v.*

PORT OF PORTLAND,
an Oregon municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
130710780; A157602

396 P3d 235

Lindsay Nicholas argued the cause for appellant. With her on the briefs were Robert Remar and Michael J. Morris.

Amy Edwards argued the cause for respondent. With her on the brief was Reilley D. Keating.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

**ARMSTRONG, P. J.**

This is an action for declaratory and injunctive relief arising out of requests for public records under the Oregon Public Records Law, ORS 192.410 to 192.505. Plaintiff, the International Longshore and Warehouse Union (ILWU), appeals a judgment dismissing its complaint against defendant, the Port of Portland. In its complaint, the ILWU sought to have the circuit court compel the port to produce the requested records and to waive or substantially reduce the fees that the port was requiring the ILWU to pay before the port produced the records. The court dismissed part of the ILWU's complaint because there had been no "denial" of the ILWU's records request, which the court concluded was necessary for it to have jurisdiction over claims seeking to compel the port to produce records. The court also dismissed the ILWU's claims relating to the port's fees to produce the records, with leave to replead those claims. The ILWU declined to replead its remaining claims and filed this appeal from the judgment dismissing its claims. We conclude that the circuit court erred in dismissing the ILWU's complaint. Accordingly, we reverse and remand.

Because it assists in understanding the facts of this case, we begin with an overview of the relevant provisions of the Public Records Law. Under ORS 192.420(1), "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.501 to 192.505 [listing exemptions from disclosure]." "Under the statutory scheme, disclosure is the rule," and exemptions are narrowly construed. *Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 37, 791 P2d 854 (1990). As such,

> "[a] public body must adhere strictly to the requirements of the relevant statutes. A public body may not exempt itself from its responsibilities under the Inspection of Public Records law by adopting a policy that seeks to deprive citizens of their right under the law to inspect public records. Disclosure is the norm; exclusion is the exception that must be justified by the public body."

*Id.* at 39.

The custodian of a public record is required to provide a person who asks to inspect a record the reasonable opportunity to inspect or copy the record. ORS 192.440(1). If the request is in writing, the public body is required to "respond as soon as practicable and without unreasonable delay" and may request clarification or additional information "for the purpose of expediting the public body's response to the request." ORS 192.440(2); *see also* ORS 192.440(2)(a) - (f) (setting out statements the public body's response must include).

Any person who is "denied the right to inspect or to receive a copy of any public record of a state agency" may petition the Attorney General "to review the public record to determine if it may be withheld from public inspection." ORS 192.450(1). If the person is "denied the right to inspect or to receive a copy of any public record of a public body other than a state agency," then the person may petition the district attorney of the county in which the public body is located in the same manner as provided for a petition to the Attorney General. ORS 192.460(1). The burden is on the public body "to sustain its action." ORS 192.450(1). Under those review statutes, the Attorney General or district attorney has the authority to order the public body to disclose the public record. ORS 192.450(2); ORS 192.460. If the Attorney General or district attorney denies the person's petition, the person may institute proceedings for injunctive or declaratory relief in the circuit court. ORS 192.450(2); ORS 192.460. The failure of the Attorney General or district attorney to issue an order granting or denying a petition within seven days of receipt "shall be treated as an order denying the petition for the purpose of determining whether a person may institute proceedings for injunctive or declaratory relief." ORS 192.465(1).

With regard to the circuit court proceedings, ORS 192.490(1) provides that, "[i]n any suit filed under ORS 192.450 [or] 192.460 * * *, the court has jurisdiction to enjoin the public body from withholding records and to order the production of any records improperly withheld from the person seeking disclosure." As at the Attorney General or district attorney review level, "the burden is on the public body to sustain its action." ORS 192.490(1).

The Public Records Law also includes provisions related to a public body's authority to establish fees "that the requester must pay * * * as a condition of receiving the public records." ORS 192.440(2)(c). ORS 192.440(4)(a) provides, in part, that "[t]he public body may establish fees reasonably calculated to reimburse the public body for the public body's actual cost of making public records available." Under ORS 192.440(5), the public body "may furnish copies without charge or at a substantially reduced fee if the custodian determines that the waiver or reduction of fees is in the public interest because making the record available primarily benefits the general public." Finally, under ORS 192.440(6), "[a] person who believes that there has been an unreasonable denial of a fee waiver or fee reduction may petition the Attorney General or the district attorney in the same manner as a person petitions when inspection of a public record is denied under ORS 192.410 to 192.505." That section also provides that "[t]he Attorney General, the district attorney and the court have the same authority in instances when a fee waiver or reduction is denied as it has when inspection of a public record is denied." ORS 192.440(6).

With that legal background in place, we briefly summarize the facts from the ILWU's complaint. Over the course of about a year, the ILWU and the port communicated by letter and email about three sets of requests that the ILWU made to the port (the June 2012, September 2012, and December 2012 requests) for the production of public records under the Public Records Law. In response to the June 2012 request, the port estimated that its cost for staff time to locate responsive records would be $200,000 (which included searching 195 boxes in storage) and estimated that additional "substantial" costs would be incurred for legal review of those documents prior to production. The port required the ILWU to pay the $200,000 fee before it would undertake to search for responsive records, and would require the ILWU to pay an undetermined additional fee for legal review before production. The port provided cost estimates for the September 2012 and December 2012 requests in the amounts of approximately $4,600 and $5,500, respectively, and required prepayment of those amounts before locating records.

The parties engaged in an extended back and forth correspondence about the ILWU's requests. In that correspondence, the ILWU primarily objected to the port's estimated costs and inadequate responses, requested that the port provide more detailed information, and requested a waiver or a reduction of a substantial portion of the fees. In response, among other things, the port refused to waive or reduce its fees, suggested that the ILWU narrow its records requests to reduce costs, and indicated that it would not continue with records searches until the cost issues were resolved. In March 2013, the port also provided revised cost estimates for locating responsive records in the amount of $37,434.15 for the June 2012 request (which excluded the 195 boxes in storage), $8,541.96 for the September 2012 requests, and $3,471.83 for the December 2012 requests.

In July 2013, the ILWU petitioned the Multnomah County District Attorney "to review [the port's] denial of ILWU's right to inspect or obtain copies of public records and [the port's] denial of ILWU's requests for waiver and/or reduction of fees for the public records." The district attorney declined to make a decision on the ILWU's petition because he believed that he did not have authority to do so "because there has not been an actual written denial of your request by the Port of Portland."

After receiving the district attorney's response, the ILWU filed for declaratory and injunctive relief in the circuit court. In its complaint, the ILWU asserted six claims for relief based on six alleged violations of the Public Records Law. Those six claims are that the port (1) failed to provide sufficient information and responses, (2) denied the ILWU access to public records through untimely responses and dilatory tactics, (3) charged fees not reasonably calculated to reimburse the port for actual costs, (4) unlawfully denied the ILWU's request for a fee waiver or reduction, (5) unlawfully mishandled the ILWU's requests because the requested documents could be used against the port in separate ongoing litigation between the port and the ILWU, and (6) discriminated and retaliated against the ILWU because of that ongoing litigation through the port's handling of the requests and denial of a fee waiver or reduction.

In association with each claim, the ILWU requested as a remedy that the court compel the port to produce to the ILWU "the non-exempt records requested by ILWU" and "to waive or substantially reduce the fees associated with the disclosure of the public records requested by ILWU." The ILWU also requested in a separate prayer for relief that the court issue several declarations, which were not associated with specific claims. Those requested declarations included that the port's fees were unreasonable, the port's refusals to waive or reduce fees were unsupported by facts or law, and the port's handling of the records requests was dilatory, unlawful, and in bad faith. The ILWU also sought in the prayer for relief an order enjoining the port "from continuing or repeating the unlawful activities" set out in the complaint.

The port filed an answer that admitted the allegations in the ILWU's complaint that accurately restated the content of the parties' correspondence but denied that any of its conduct constituted a denial of the ILWU's record requests or violated the Public Records Law. After filing its answer, the port filed a motion under ORCP 21 A(1) to dismiss the ILWU's claims—based on a lack of subject matter jurisdiction—"to the extent the ILWU is seeking declaratory and injunctive relief compelling the port to produce public records." The port also filed a motion for partial summary judgment against the ILWU's claims "to the extent the ILWU is seeking declaratory and injunctive relief compelling the port to waive or significantly reduce fees associated with the ILWU's public records requests."

At the hearing, the court granted the port's motion to dismiss but denied the port's motion for partial summary judgment. With regard to the motion to dismiss, the court ruled:

"With respect to the first motion in which [the port] seeks to dismiss [the ILWU's] claims for injunctive and declaratory relief, to the extent that [the ILWU] alleges there was a denial, I'm going to grant that motion to dismiss. I think I have no jurisdiction because there is certainly no reason for me to conclude that there was a denial, let alone a *de facto* denial, if in fact a *de facto* denial would be a sufficient denial, which I don't conclude at all. But I

don't determine that there's a basis to conclude there was a denial or a *de facto* denial."

The court denied the port's motion for partial summary judgment because "it's inappropriate at this stage to conclude that there's no genuine issue of material fact in that regard." The order on the port's motions stated that the "Motion to Dismiss is granted and, to the extent [the ILWU's] claims seek declaratory and injunctive relief compelling [the port] to produce public records, they are dismissed with prejudice because there has been no denial of [the ILWU's] record requests," and that the motion for partial summary judgment was denied.

After the court entered its order, the ILWU and the port proceeded with the case but ultimately disagreed as to the issues that were left for trial. Shortly before trial, the ILWU and the port submitted a joint motion to the court for clarification on the issues to be tried, with opposing memoranda setting out their positions. The court disagreed with both the ILWU and the port as to what remained for trial because the court concluded that its grant of the port's motion to dismiss had dismissed the ILWU's entire complaint, but that only part of the complaint was dismissed with prejudice. The court then entered an order granting the ILWU an opportunity to replead the claims dismissed without prejudice:

"The Court intended and understood that its November 22, 2013 Order dismissed all claims in the Complaint per ORCP 21 A, with the claims for declaratory and injunctive relief compelling [the port] to produce public records being dismissed with prejudice and the remaining claims being dismissed without prejudice, and with leave to re-plead the claims dismissed without prejudice. [The ILWU] has 10 days from July 16, 2014, to file an amended complaint. The amended complaint may not include or address any of the claims that were dismissed with prejudice, and it may not assert any new claims that were not previously alleged in the original complaint."

After entry of that order, the ILWU decided not to file an amended complaint to allow it to take an immediate appeal. The court then entered a judgment that dismissed

all of the ILWU's claims with prejudice, and the ILWU appeals that judgment.

On appeal, the ILWU raises two assignments of error. In the first, the ILWU argues that the trial court erred in relying on disputed evidence to find that the port had not denied (or *de facto* denied) the ILWU's records requests, which was the sole basis given for the court's dismissal of the ILWU's complaint. In the second, the ILWU argues that the court erred in dismissing its complaint based on the court's legally erroneous conclusion that a public body must issue a "denial" of a records request for a circuit court to have jurisdiction of a case under the Public Records Law. As explained below, we conclude that the circuit court did have subject matter jurisdiction to consider all of the claims in the ILWU's complaint, and, thus, the court erred in granting the port's motion to dismiss.

As set out above, 285 Or App at 223-25, the Public Records Law expressly provides that the Attorney General or the district attorney is authorized to review a public body's denial of the right to inspect or receive a public record and a public body's denial of a fee waiver or reduction. ORS 192.450; ORS 192.460; ORS 192.440(6). If the Attorney General or the district attorney denies such a petition, then those same statutes expressly provide that the person may seek injunctive or declaratory relief in the circuit court, with the court having the express authority to "enjoin the public body from withholding records and to order the production of any records improperly withheld from the person seeking disclosure." ORS 192.490(1). In addition, in *In Defense of Animals v. OHSU*, 199 Or App 160, 183, 112 P3d 336 (2005), we concluded that, "[a]lthough ORS chapter 192 does not expressly provide for circuit court review of the reasonableness of a public body's fees, it [i]s within the trial court's jurisdiction to decide that question" under the Uniform Declaratory Judgments Act, ORS 28.010.

In this case, the circuit court concluded that it lacked subject matter jurisdiction to grant the ILWU's requested declaratory and injunctive relief to compel the port to produce public records "because there has been no denial of [the ILWU's] record requests." The port's jurisdictional

argument, which the circuit court accepted, is that ORS 192.490(1)—which provides that a circuit court has jurisdiction to enter an injunction against the public body—begins with the preface, "[i]n any suit filed under ORS 192.450 [or] 192.460." In turn, those statutory sections provide that a person who is "denied the right to inspect or to receive a copy of any public record" may petition the Attorney General or district attorney for an order that the public body disclose the public record. Thus, the port argues, a court's jurisdiction under ORS 192.490(1) is dependent on the public body first denying a records request.

The port misreads how the statutes work together. First, the prefatory statement in ORS 192.490(1), "[i]n any suit filed under ORS 192.450 [or] 192.460," is an identification of the type of suit to which ORS 192.490(1) applies— *viz.*, a declaratory or injunctive proceeding filed under those statutes—it is not a wholesale incorporation of the provisions in those statutes.

Second, the references in ORS 192.450(1) and 192.460(1) to a person "denied the right to inspect or to receive a copy of any public record" are references to who may petition the Attorney General or the district attorney. Those statutory sections do not say anything about who may file a proceeding in the circuit court. Rather, who may file a proceeding in the circuit court is governed by ORS 192.450(2), which provides that a person seeking the disclosure of records may file suit "[i]f the Attorney General [or the district attorney] denies the petition in whole or in part." Thus, the only statutory prerequisite to instituting a circuit court proceeding under ORS 192.450 or ORS 192.460 is that the Attorney General or district attorney has denied, in whole or part, the person's petition (ORS 192.450(2); ORS 192.460), or has failed to act on the petition within seven days of receipt of the petition because such failure "shall be treated as an order denying the petition for the purpose of determining whether a person may institute proceedings for injunctive or declaratory relief" (ORS 192.465(1)). *See Morse Bros., Inc. v. ODED*, 103 Or App 619, 798 P2d 719 (1990) (holding that the circuit court should have dismissed the case because the plaintiff filed the court proceeding before the seven days had elapsed on the petition to the Attorney

General, and the Attorney General had not yet acted on the petition).

Third, the port's argument that there must be a "denial" of a records request before a court can enjoin a public body ignores the plain statutory text of ORS 192.490(1). Under ORS 192.490(1), a circuit court "has jurisdiction to enjoin the public body from withholding records and to order the production of any records improperly withheld from the person seeking disclosure." Nothing in that grant of jurisdiction requires that the public body formally "deny" a records request before a court can exercise its statutory injunctive authority. Moreover, it is self-evident that an improper withholding of a public record could occur in any number of ways short of some formal "denial" of a records request, such as by stonewalling or other obstructive conduct on the part of the public body. We decline to read into the statute a jurisdictional requirement that is not in the text of the statute and that would be contrary to the statutory scheme favoring the disclosure of public records. *See, e.g., Guard Publishing Co.*, 310 Or at 39 ("A public body may not exempt itself from its responsibilities under the Inspection of Public Records law by adopting a policy that seeks to deprive citizens of their right under the law to inspect public records. Disclosure is the norm; exclusion is the exception that must be justified by the public body.").

Here, the district attorney failed to act within seven days on the ILWU's petition because he determined he did not have authority to act. However, that determination did not affect the *circuit court's* jurisdiction to hear the matter. Under ORS 192.465(1), the district attorney's failure to act was a denial of the ILWU's petition for purposes of instituting a circuit court proceeding under ORS 192.460, which is the only statutory prerequisite for such an action. Because the only statutory prerequisite had been met, the circuit court did have jurisdiction under ORS 192.490 to determine whether an injunction should issue compelling the port to produce the public records that the ILWU sought.

In addition, the circuit court had jurisdiction under ORS 192.440(6) to compel the port to produce the public records. Under ORS 192.440(6), the Attorney General, the

district attorney, and the court have *the same authority* in instances when a fee waiver or reduction is denied as it has when inspection of a public record is denied." (Emphasis added.) That "same authority" is an explicit reference to the Attorney General's and district attorney's authority to order disclosure of a public record, ORS 192.450 to 192.460, and the circuit court's authority to enjoin a public body from withholding public records and to compel production of improperly withheld records, ORS 192.490. Thus, the circuit court also had explicit statutory authority under ORS 192.440(6) to enjoin the port from withholding the requested public records and to compel the port to produce those records based on the ILWU's claims related to the port's refusal to waive or reduce the fees.

Finally, we briefly turn to the ILWU's first assignment of error. Having concluded that whether there has been a denial of the right to inspect a public record is not a fact that bears on the subject matter jurisdiction of the circuit court, we also necessarily conclude that the court erred in its ruling on the port's ORCP 21 A(1) motion to dismiss for lack of subject matter jurisdiction by making a factual determination on whether the port had denied inspection. ORCP 21 A (providing that a court may make findings only to determine the existence or nonexistence of a defense listed in (1) through (7)).

Based on the foregoing, we conclude that the circuit court erred when it granted the port's motion to dismiss and, accordingly, reverse and remand.

Reversed and remanded.