Argued and submitted August 7, 2020, reversed and remanded August 4, 2021

Jeff MERRICK,
*Plaintiff-Appellant,*
*v.*
CITY OF PORTLAND, OREGON,
a municipal corporation,
*Defendant-Respondent.*

Multnomah County Circuit Court
17CV32008; A168172

496 P3d 1085

Plaintiff brought this action to compel the City of Portland to disclose public records under the Oregon Public Records Law. Plaintiff appeals from a judgment dismissing his complaint and denying his petition for attorney fees. The trial court reached both conclusions by reasoning that because plaintiff had received all requested records due to a second ruling from the Multnomah County District Attorney, plaintiff's complaint was moot and he had not prevailed by order of the court. *Held*: In light of the novel remand procedure ordered by the trial court—whereby the trial court maintained jurisdiction while ordering that the intervening decision of the district attorney would be final and binding as against the city—the Court of Appeals concluded that plaintiff's receipt of the public records was compelled, in critical part, through the trial court's action. Accordingly, the trial court erred in dismissing plaintiff's claims as moot and in denying plaintiff's petition for attorney fees.

Reversed and remanded.

Andrew M. Lavin, Judge.

Brian R. Talcott argued the cause for appellant. Also on the briefs were Dunn Carney Allen Higgins & Tongue LLP and Merrick Law, LLC.

Dennis M. Vannier argued the cause and filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

DeVORE, P. J.

Reversed and remanded.

**DeVORE, P. J.**

Plaintiff brought this action to compel the City of Portland (the city) to disclose public records under ORS 192.311 to 192.431, the Oregon Public Records Law.[1] Plaintiff appeals from a judgment that dismissed his complaint and denied his petition for attorney fees. The trial court dismissed plaintiff's complaint as moot because, during an abatement of the court's proceedings, plaintiff had received all of the records he had requested due to a second ruling from the Multnomah County District Attorney—a ruling that the court's abatement order had dictated that the city could not appeal. Based on the same idea, the court denied plaintiff's attorney fees petition because he had not prevailed in the court's proceedings; he had only prevailed as a result of a ruling of the district attorney.

On appeal, plaintiff asserts three assignments of error. First, he contends that the trial court erred when it dismissed his complaint as moot after abatement of the proceedings, a remand to the district attorney, and the district attorney's ruling to release the requested records. He argues that the court's abatement order predetermined that the ruling of the district attorney, if in his favor, would be final and preclusive of further court's proceedings. Therefore, he argues that the intervening release of records should be seen to result *from* the court's authority, not *independent* of the court's authority. That is, the decision of the court was not rendered moot because, in essence, that binding remand process, which compelled the release of the records, *was* itself an aspect of the decision of the court. Second, he contends that he prevailed in the proceedings and should recover attorney fees. Finally, and in the alternative to other assignments, he contends that the trial court erred when, over his objection, it ordered abatement of the proceedings, allowing the city to proffer a sample month of records, redactions, and exemptions, upon which the district attorney would rule anew and with finality if against the city.

---

[1] As a result of legislative amendments, Oregon's Public Record Law was renumbered in 2017. *E.g.*, Or Laws 2017, ch 456, §§ 1-8. Because that does not affect our analysis, we refer to the statutes as currently organized.

        In large part, we agree with plaintiff. We conclude that the trial court erred in dismissing plaintiff's claims as moot, in light of the novel remand procedure it had ordered, and that the trial court erred in denying plaintiff's petition for attorney fees, based on its conclusion that plaintiff had not prevailed in the proceeding. Although we necessarily consider the nature of the remand procedure when considering the first assignment on mootness, we do not ultimately resolve plaintiff's challenge to the remand procedure because the third assignment of error was presented in the alternative and its determination is not necessary to resolve this appeal. The first two assignments require that we reverse and remand for further proceedings.

        The dispositive facts are procedural and undisputed. On June 8, 2017, plaintiff submitted a request to the city for the names, contact information, and substance of reports provided by people who had submitted reports to the city's "One Point of Contact" system. The city had established a centralized system into which people could report concerns regarding homeless camps and related issues. Plaintiff requested that any costs be waived, explaining that the purpose of his request for those public records was to develop a group of interested parties to work on solutions to homelessness and unpermitted campsites in Portland.

        On June 12, the city issued a flat denial of plaintiff's request as to all of the records. The city asserted that the information was exempt from disclosure because contact information of reporting persons was information of a personal nature conditionally exempt under ORS 192.355(2)(a) and their email addresses were specifically exempt under ORS 192.355(40)(a).[2]

_____

    [2] ORS 192.355 provides exemptions from disclosure for:

        "(2)(a) Information of a personal nature such as but not limited to that kept in a personal, medical or similar file, if public disclosure would constitute an unreasonable invasion of privacy, unless the public interest by clear and convincing evidence requires disclosure in the particular instance. The party seeking disclosure shall have the burden of showing that public disclosure would not constitute an unreasonable invasion of privacy.

        "* * * * *

        "(40)(a) Electronic mail addresses in the possession or custody of an agency or subdivision of the executive department, as defined in ORS 174.112, the legislative department, as defined in ORS 174.114, a local government

On June 14, plaintiff appealed the city's denial of his records request to the Multnomah County District Attorney, agreeing to an extension of time for the city's response to June 28. On June 26, a city official called plaintiff and told him that the city was rescinding its blanket denial of his records request. However, she told plaintiff that he must pay the city's costs of $35,090.55 to initiate the city's response. Upon payment, the city would begin review of individual records and could later interpose objections as to specific records. The official explained that the city would not begin that review until the city received a deposit of $17,545.28, half the sum due.

On June 28, the city responded in writing to the District Attorney, reporting that the city had rescinded the two claims of exemption and that the city was "ready and willing to proceed with the public records request upon payment of the appropriate fee." The city declared that the "petition as it [stood] currently should be denied as moot because the [c]ity's denial of June 12, 2017 [had] been amended." The city contended that plaintiff could not petition the district attorney for review of its denial until the city reasserted exemptions later, and it would not assert those exemptions until it received the proposed $17,545.28 deposit from plaintiff.

On June 29, plaintiff emailed the city to ask for an itemized breakdown of the proposed fee. The record does not indicate that the city ever provided plaintiff with a breakdown of the proposed $35,090.55 fee. In a declaration made several months later, the official responsible for calculating the cost figure would explain that about a third of 20,000 records had contact information, and, before disclosure of any records, the city would devote 800 hours to call people "out of courtesy and fairness" to ask whether they regard their contact information as confidential. Otherwise, the requested records could be downloaded to an Excel spreadsheet. The relative cost of the calling campaign and data extraction was not broken down.

---

or local service district, as defined in ORS 174.116, or a special government body, as defined in ORS 174.117."

Plaintiff did not challenge the city's assertion that reporters' email addresses were exempt under ORS 192.355(40).

On July 6, the Multnomah County District Attorney adopted the city's rationale in a letter ruling. The district attorney concluded that plaintiff's petition was "premature" inasmuch as the city regarded the records as public and was no longer asserting any exemptions. The district attorney added that its office lacked authority to evaluate whether the city's cost demand represented the "actual cost" of disclosure.[3] The district attorney denied plaintiff's petition for a so-called "lack of jurisdiction."

On July 11, a city official responded to plaintiff's June 29 emailed request for an itemization of the fees by offering to provide a month's worth of reports from the database with all personal phone numbers redacted (the contact information sought by plaintiff) for a fee of $191.40 or a deposit of $95.70.

On July 21, an attorney for the city called plaintiff. The attorney offered to review that subset of the requested records for the same cost quoted on July 11. The attorney advised that the city believed phone numbers of people in the database may be exempt as information of a personal nature. Plaintiff learned that the city intended to call each reporting person to ask whether the person wanted to "claim privacy" and the city would only provide phone numbers of those who agreed to disclose them.

On July 26, plaintiff filed this lawsuit against the city in circuit court. Along with other relief, plaintiff sought an order compelling production of all nonexempt reporter names, addresses, and phone numbers submitted to the One Point of Contact reporting system. The city filed motions to partially dismiss and to strike. Plaintiff filed a cross-motion for partial summary judgment, in which he asked the court to declare as public records the addresses and phone numbers of people reporting to the One Point of Contact database.

---

[3] At the time of plaintiff's initial appeal to the district attorney, the city's position was a flat denial of disclosure. Therefore, plaintiff had no issue of fee waiver to present to the district attorney. Only thereafter did the city interpose its demand for payment of costs. The district attorney did not consider whether the city's response, requiring payment of costs before any review for reassertion of exemptions, was a *de facto* denial of plaintiff's record requests. *See ILWU v. Port of Portland*, 285 Or App 222, 231, 396 P3d 235, *rev dismissed*, 362 Or 39 (2017) ("an improper withholding of a public record could occur in any number of ways short of some formal 'denial' of a records request").

He argued that the records were not exempt from disclosure as information of a personal nature. He asked the court to enjoin the city from withholding those public records and to retain authority to resolve any dispute over the cost of producing the records.

The city argued, as it had to the district attorney, that the trial court should deny plaintiff's motion seeking disclosure of all phone numbers of reporters, because his suit was premature. The city explained that it had not yet reviewed the records to determine whether each phone number was exempt from disclosure; the city had not reviewed the records because plaintiff had not paid the applicable fee.[4] The city argued that the "appropriate remedy" for plaintiff was to pay, wait for the city's review, and later petition the district attorney when the city reasserted exemptions applicable to specific requested records.[5]

At the hearing on the parties' motions, the court asked the parties if they thought there was a way to "reach an accommodation" or "compromise." The city responded that it had a "proposed compromise" that could "cut through the public records issues." The city offered to review one month of applicable records for a cost of $200. During that review, the city would attempt to locate a month in which the city would be able to use as an example of each of the exemptions it believed may apply to the records as a whole. After petitioner received that subset of redacted records, the city proposed, he could then petition the district attorney to challenge any exemptions he believed the city applied inappropriately. If the district attorney concluded that the exemptions did not apply, the city promised that it would not assert its right to appeal the district attorney's decision to the circuit court; it would accept

_____

[4] The city, however, agreed that the trial court had jurisdiction over plaintiff's claim, conceding that it did "think that the D.A. did deny the petition, which is what triggered jurisdiction in this Court."

[5] The city also, for the first time, asserted that, based on a limited review of the One Point of Contact database reports, it believed reporters' phone numbers may be exempt under the personal safety exemption, ORS 192.368(1), the information of a personal nature exemption, ORS 192.355(2), the confidential submissions exemption, ORS 192.355(4), the federal law exemption, ORS 192.355(8), and the email exemption, ORS 192.355(40).

that decision as binding and applicable to the remaining records.[6]

The court asked if the city's proposed "compromise" was "part of the relief even that a court could order." The city responded that "it's unclear." Plaintiff did not agree to the proposal. Plaintiff argued that the so-called remand proposal was inconsistent with the Public Records Law. He asked the court simply to rule on his cross-motion for summary judgment that the records were public despite the several exemptions that, in response to his cross-motion, the city still generally claimed applied to the records.

The court posited that issuing an order based on the city's proposal to abate-and-remand would "be like *** the Court of Appeals saying we need to remand it to the trial court *** for further findings, further proceedings. It's not ready for prime time." The court asked the city if there was "any case that says [the court] can't" order the city's proposed remedy. The city responded that it was unaware of any case prohibiting the court from sending the case back to the district attorney as a response to plaintiff's motion for partial summary judgment.

The court announced that it was neither granting nor denying plaintiff's motion for partial summary judgment. Instead, it would "defer" ruling on the motion. The court entered an order granting some of the city's motions to strike paragraphs from the complaint and otherwise adopting the city's remand proposal. The order abated further proceedings in the court "pending remand to the district attorney for further factual development." The order directed that (1) plaintiff would pay the city $200 for one month of the requested reports; (2) the city would review one month's reports and redact any information it believed to be exempt; (3) plaintiff could petition the district attorney if he disagreed with any exemptions that the city claimed; (4) plaintiff could appeal an adverse ruling of the district

---

[6] The proposal was an enlarged version of the review it had offered to plaintiff in the July 11 email. The July 11 proposal did not include an offer to make the district attorney's determination as to one month applicable to all records, nor an agreement that the city would be bound by the district attorney's determination without right of appeal to the court.

attorney to the circuit court; but (5) the city could *not* appeal an adverse ruling to the circuit court.

The parties followed the court-ordered remand process. The city reviewed one month's information from the database and asserted that contact information was exempt under the confidential submissions exemption, ORS 192.355(4), the information of a personal nature exemption, ORS 192.355(2), and the exemption for particular identifying information, submitted in confidence and not otherwise required to be submitted, ORS 192.377.[7] In response, plaintiff petitioned the district attorney, challenging those three asserted exemptions.

On January 8, 2018, the district attorney issued a letter ruling on the several exemptions. The district attorney acknowledged that plaintiff did not contest the exemption for email addresses; but the district attorney concluded that none of the city's disputed exemptions applied to the contact information in the One Point of Contact database. The district attorney determined that the exemption of ORS 192.355(4) for information submitted in confidence did not apply, citing *Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 39, 791 P2d 854 (1990), and *Kotulski v. Mt. Hood Comm. College*, 62 Or App 452, 660 P2d 1083 (1983). The district attorney determined that the exemption of ORS 192.355(2) for information of a personal nature did not apply, again citing *Guard Publishing*. Finally, the district attorney determined that the exemption of ORS 192.377 for

---

[7] We note the two added exemptions, not quoted previously. The exemption of ORS 192.355(4) concerns:

"Information submitted to a public body in confidence and not otherwise required by law to be submitted, where such information should reasonably be considered confidential, the public body has obliged itself in good faith not to disclose the information, and when the public interest would suffer by the disclosure."

Disregarding its paragraph breaks, ORS 192.377 provides:

"A public body that is the custodian of or is otherwise in possession of information that was submitted to the public body in confidence and is not otherwise required by law to be submitted, must redact all of the following information before making a disclosure described in ORS 192.355(4): (1) Residential address and telephone numbers; (2) Personal electronic mail addresses and personal cellular telephone numbers; (3) Social Security numbers and employer-issued identification card numbers; and (4) Emergency contact information."

residential addresses and telephone numbers could not be reconciled with ORS 192.355(4) so as to create a new exemption. As a result, the district attorney directed the city to release all of the requested records. The city complied and at no cost to plaintiff.

Following release of the records, the city filed a motion to dismiss plaintiff's action, arguing that the case was now moot because any further decision by the court would have no practical effect on plaintiff's rights. Plaintiff responded that his complaint was not moot because the trial court's unusual remand order resulted in the district attorney making a binding decision that essentially granted plaintiff's still-pending motion for summary judgment as if on behalf of the court. Plaintiff argued that the trial court should enter a judgment in his favor and award him attorney fees as having prevailed.

Instead, the court granted the city's motion to dismiss, concluding that, because plaintiff ultimately received the requested records as a result of the district attorney's order, plaintiff received the relief he sought, the case had become moot, and there was nothing *further* for the court to do. Nevertheless, the court determined that the seemingly moot nature of the case did not prevent the court from considering whether plaintiff was entitled to attorney fees. The court concluded that, because plaintiff had not been awarded a favorable judgment from the court itself, plaintiff had not prevailed so as to become entitled to attorney fees.

On appeal, the parties reiterate their principal arguments below. We review the court's order dismissing the case as moot for errors of law. *See State v. Mays*, 269 Or App 599, 601-02, 346 P3d 535, *rev den*, 358 Or 146 (2015) (explaining that we generally review motions to dismiss for errors of law).

Generally, the Supreme Court has "explained that cases 'in which a court's decision no longer will have a practical effect on or concerning the rights of the parties will be dismissed as moot.'" *Eastern Oregon Mining Association v. DEQ*, 360 Or 10, 15, 376 P3d 288 (2016) (quoting *Brumnett v. PSRB*, 315 Or 402, 406, 848 P2d 1194 (1993) (internal brackets omitted)). Certainly, there are exceptions where

even moot cases are reviewed. *See, e.g.*, *id.*; *see also Couey v. Atkins*, 357 Or 460, 477, 355 P3d 866 (2015) (concerning ORS 14.175 and cases capable of repetition and likely to evade review).

Plaintiff's public records claim, however, was not moot. To explain, we consider the Oregon Public Records Law to put in context the issue before the court and the court's abate-and-remand order by which plaintiff defeated the obstacles that the city raised to release of the requested records.

Oregon has a strong and long-standing policy that public records and governmental activities be open to the public. *In Defense of Animals v. OHSU*, 199 Or App 160, 168, 112 P3d 336 (2005). The guiding principle is that "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided." ORS 192.314(1). Where a public body does assert that an exemption applies, the public body bears the burden of justifying that exemption, and there is a strong presumption in favor of disclosure. *Gray v. Salem-Keizer School District*, 139 Or App 556, 562-63, 912 P2d 938, *rev den*, 323 Or 265 (1996). Any exemption should "be narrowly construed, in a manner that promotes simple, quick, and largely uniform application and that furthers the general rule favoring disclosure." *Id.* at 563.

Multiple provisions govern the fees a public body is allowed to charge a requester for the production of public records. The public body is allowed to request a fee reasonably calculated to reimburse the public body for the actual cost of making records available, including costs for summarizing, compiling, or tailoring the public records. ORS 192.324(4)(a).[8] The public body may also furnish copies at a substantially reduced fee if it determines that the waiver or reduction of fees is in the public interest. ORS 192.324(5).

A person who has requested public records from a local public body may seek review of the public body's

_____

[8] The public body is not, however, allowed to charge a fee for any factual or legal research done by an attorney for the public body to determine whether material is exempt. ORS 192.324(4)(b).

actions by petitioning the district attorney for review at various points. ORS 192.411; ORS 192.415(1)(a) (providing that, if the public body is not a state agency, the requester should petition the district attorney of the county where the public body is located, rather than the Attorney General). When a public body has formally denied a person the right to receive public records, such as by asserting an exemption, the district attorney is required to either grant or deny a petition for review from a requester within seven days of its receipt. ORS 192.411(1).

A requester may petition the district attorney when the person believes the public body has failed to respond as soon as practicable or without unreasonable delay. ORS 192.407(1)(a), (b); ORS 192.329(1). Likewise, a requester may petition the district attorney in "[a]ny other instance in which the [requester] believes that the public body has failed to comply" with its duties to process a request. ORS 192.407(1)(c).

Depending on whether the district attorney grants or denies a requester's petition, or fails to act within seven days, either the city or the requester can institute proceedings for injunctive or declaratory relief with the circuit court of the county where the public record is held. ORS 192.411(2); ORS 192.418(1).

We have previously addressed the statute's grant of jurisdiction to review delay or the imposition of prohibitive costs, observing that

"[n]othing in that grant of jurisdiction requires that the public body formally 'deny' a records request before a court can exercise its statutory injunctive authority. Moreover, it is self-evident that an improper withholding of a public record could occur in any number of ways short of some formal 'denial' of a records request, such as by stonewalling or other obstructive conduct on the part of the public body."

*ILWU v. Port of Portland*, 285 Or App 222, 231, 396 P3d 235, *rev dismissed*, 362 Or 39 (2017).

At the time the parties' motions came before the court, the issues were ripe for decision, although confused by seemingly changed circumstances. From plaintiff's

perspective, he had brought a challenge to the district attorney at a time when the city had flatly denied his request based on two cited exemptions and, of course, without any demand for payment of costs. In response, the city purported to withdraw its blanket denial but to reserve the right to reassert the same or additional exemptions as to particular records. The district attorney had determined that he lacked jurisdiction and denied plaintiff's request for disclosure. Plaintiff asserted in his motion for partial summary judgment that there was no factual dispute. The city responded with legal arguments, based on factual excerpts from the records, to support the applicability or potential applicability of several exemptions.

Conceivably, the court could have chosen to review the ruling of the district attorney as to whether the district attorney or the court itself truly "lacked jurisdiction," given the city's shifting position, the delay, and the absence of disclosure of the records. *See ILWU*, 285 Or App at 231-32 (the absence of a formal denial does not mean the court or district attorney lacks jurisdiction to rule on a records request).

Potentially, the court could have determined, with the examples provided by excerpts from records, whether a genuine dispute of material fact existed, and, if satisfied, chosen to declare the records, as a matter of law, to be public records subject to disclosure, despite the exemptions that the city had put in play. After all, the subsequent ruling of the district attorney did not turn on facts newly developed in the interim; at least in the view of the district attorney, the applicability of the exemptions was ultimately resolved as a matter of law.[9]

Alternatively, the changed circumstances might have prompted the court to require supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date" the action was filed. *See* ORCP 23 E (supplemental pleadings). The court could later determine whether supplemental pleadings would

---

[9] We do not decide whether the records were subject to disclosure or exemption.

have meant additional or substituted claims. In any event, we do not consider, suggest, or endorse any of those several choices, given the procedure dictated by the Oregon Public Records Law and the conundrum that the parties presented to the trial court.

We do consider the effect of the court's choice to enter an abate-and-remand order without the agreement of both parties. It meant that plaintiff's claim in circuit court was not rendered moot, as if it had somehow been decided in the meantime by circumstances outside the court's own proceedings. The nature of the court's remand order was analogous to the procedure for a court's order to compel contractual arbitration or the procedure to engage an outside party to serve as a referee adjunct to the court's proceeding. Both have features in common with the court's remand order and both have a feature with a significant distinction from the court's remand order.

Under ORS 36.625, the court may order parties to participate in arbitration upon a petition showing an agreement to arbitrate and a party's refusal to arbitrate. By definition, the arbitration award is binding, with relatively narrow grounds for challenge. *See* ORS 36.710 (grounds for modification or vacation of an arbitration award). After an arbitration award, a party may petition the court to confirm the award and enter judgment on it. ORS 36.700; ORS 36.715. Similarly, under ORCP 65, the court in which an action is pending may appoint a referee, who shall have such authority as the court directs. ORCP 65 A (appointment); ORCP C(2) (power under order of reference). In any case, the parties may stipulate that a referee's findings shall be binding or binding unless clearly erroneous. ORCP 65 E(3)(b). Thus, an arbitrator or a referee can be engaged to make a determination that is final, similar to the court's remand order as to the ruling of the district attorney if ruling against the city.

The critical distinction, however, is that arbitration requires an agreement of the parties. The same is true as to a referee. ORCP 65 B(1) provides that "[t]he court may make a reference upon the written consent of the parties." And, ORCP 65 B(2) adds that

"[i]n absence of agreement of the parties, a reference shall be made only upon a showing that some exceptional condition requires it."

In both settings, orders to engage an arbitrator or referee proceed from an underlying *agreement* of the parties.

Those analogies speak to the trial court's question whether there was any authority for the city's remand proposal—and to the city's response that the answer was "unclear." The answer was indeed unclear because to engage the district attorney to reconsider the matter based upon a renewed set of exemptions on particularized records and to make a ruling that would be binding upon the city *was* to engage an arbitrator or referee *without* the agreement of both parties that would be required for arbitration or the determination of a referee.

The answer was also "unclear" because there is no provision in the Oregon Public Records Law for a court's "remand" to the district attorney of the sort employed here. That is, plaintiff did not file his complaint in court prematurely, before the district attorney completed a review and ruling within the time permitted. Further, there is no provision in those statutes for the district attorney to undertake a second review based upon a new set of facts and a new set of exemptions claimed by a public entity in lieu of a citizen's claim pending in court.

As indicated at the outset, we do not reach the third assignment of error or determine whether the trial court's choice to impose a novel remand process was error.[10] Instead, we address the nature of the abate-and-remand order so as to explain why the intervening release of the requested records did not render plaintiff's records case moot.

The release of the requested records did not render plaintiff's case moot because the records were disclosed pursuant to an order of the district attorney that was made binding by the abate-and-remand order of the trial court. The

---

[10] It was a pragmatic, if imperfect, way to find an answer to a citizen's request for 20,000 records, made more difficult by a demand for payment of half of $35,090.55 before the city would identify the exemptions that it would claim, so as to make possible the determination of the district attorney or circuit court.

*binding nature* of the district attorney's ruling was a feature of the court's order, and the order was a result of plaintiff's public records claim in the trial court. Although the city argued that no *further* action of the court was required to resolve plaintiff's claim after the records' release, the court's action had already occurred with its abate-and-remand order.

To return to the analogies, like an arbitration award or referee's ruling, the court's remaining duty, if any, was to resolve plaintiff's still-pending motion for summary judgment in light of the binding ruling made. Whether or not the ruling of the district attorney required "confirmation" after such an unconventional process, we do not decide. It suffices to recognize that plaintiff's public records claim had not been rendered moot; plaintiff's success was, in fact, determined, at least in critical part, through the court's action. Therefore, the trial court erred in dismissing plaintiff's action as moot.

We turn to plaintiff's second assignment of error, in which he asserts that the court erred when it denied his petition for attorney fees on the basis that he had not prevailed in the action. The operative terms appear in ORS 192.431(3), which provides:

> "If a person seeking the right to inspect or to receive a copy of a public record *prevails in the suit*, the person shall be awarded costs and disbursements and reasonable attorney fees at trial and on appeal. If the person prevails in part, the court may in its discretion award the person costs and disbursements and reasonable attorney fees at trial and on appeal, or an appropriate portion thereof."

(Emphasis added.) Plaintiff contends that, by obtaining an order compelling the city to comply with the ruling of the district attorney, he "prevailed in the suit."

The city argues that plaintiff cannot be considered the party who "prevailed," because the city released the requested documents upon the order of the district attorney, rendering plaintiff's case moot. The city relies on *Clapper v. Oregon State Police*, 228 Or App 172, 206 P3d 1135 (2009), in which the plaintiff filed suit in a circuit court seeking to compel the Oregon State Police (OSP) to disclose a requested

public record. *Id*. at 174. After plaintiff filed suit, OSP released all requested records to the plaintiff, apparently to comply with a separate order from the Attorney General. *Id*. at 175. We concluded that, because the plaintiff had received all the records he requested, a further ruling by the trial court would have had no effect on the rights of either party, and the case was therefore moot. *Id*. at 178. Because the case was moot, we concluded that dismissal was warranted and that OSP was the prevailing party. *Id.* The city's reliance on *Clapper* is misplaced, because plaintiff's case here was not rendered moot by a voluntary action of the city independent of any order arising from plaintiff's public records claim.

We are only left with the question whether the city's disclosure of public records, resulting from the trial court's order referring the matter back to the district attorney, meant that plaintiff "prevailed" for purposes of recovering attorney fees under ORS 192.431(3). The Public Records Law does not define the term "prevails" as used in ORS 192.431(3), but the legislature used similar language when defining "prevailing party" for the purposes of attorney fees in civil cases generally, explaining that

"[f]or the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim."

ORS 20.077(2). In essence, plaintiff received a favorable ruling in the equivalent of an arbitration award. Moreover, any judgment to be entered as a result of our conclusion on the first assignment of error should make the point clearer.

A determination of which party received a "favorable judgment" requires a comparison of the results sought and obtained by each party. *16th Group, LLC v. Lynch Mechanical Construction*, 265 Or App 217, 221, 334 P3d 988 (2014). It does not necessarily follow, however, that merely because a party does not obtain all the relief sought, that the party is not the prevailing party. *Eagles Five, LLC v. Lawton*, 250 Or App 413, 427, 280 P3d 1017 (2012). We have observed that the attorney fee statute in the Public Record Law statutory scheme does not require that a party fully prevail to be awarded attorney fees. *See Oregonian Publishing*

*v. Portland School Dist. No. 1J*, 144 Or App 180, 188-89, 925 P2d 591 (1996), *adh'd to as modified on recons*, 152 Or App 135, 952 P2d 66 (1998), *aff'd*, 329 Or 393, 987 P2d 480 (1999) (allowing award of partial attorney fees where party received only some of its requested records).

Here, there can be little doubt that plaintiff prevailed. Conceding the exemption of email addresses, he challenged a flat denial of his request based on two specified exemptions; he persevered after the city shifted its position during his challenge, after the city recognized that the records were public but reserved its option to redact and reassert several exemptions; he made a pure-law challenge to overcome the city's demand for a $17,545.28 deposit before it would identify the exemptions to be at issue; and, as a matter of law, plaintiff overcame the city's renewed exemptions in a ruling of the district attorney—a ruling that was predetermined to be binding by reason of the court's order. Consistent with ORS 192.431(3), plaintiff prevailed in the action.

In short, the trial court erred in dismissing plaintiff's claim as moot and in denying his petition for attorney fees.

Reversed and remanded.